The ONEIDA INDIAN NATION OF WISCONSIN et al., Plaintiffs,

v.

The STATE OF NEW YORK et al., Defendants.

Civ. A. No. 79–CV–798.

United States District Court,
N. D. New York.

March 5, 1980.

---

Arlinda Locklear, and L. A. Aschenbren-ner, Washington, D. C., for plaintiffs Native American Indian Rights Fund.

Robert Abrams, Atty. Gen., Albany, N. Y., for the State of New York and the defendant State Agencies and Officials; Jeremiah Jochnowitz, Asst. Sol. Gen., Albany, N. Y., of counsel.

Goodwin, Procter & Hoar, Boston, Mass., for defendants Cortland, Delaware, Herkimer, Jefferson, Lewis, Madison, Oneida, Onondaga, Oswego, St. Lawrence & Tioga, Valentine Ryan, H. Douglas Barclay & Engineers Joint Training; Allan van Gestel, Boston, Mass., of counsel.

Hiscock, Lee, Rogers, Henley & Barclay, Syracuse, N. Y., for defendants Town of Manlius, St. Regis Paper Co., J. P. Lewis Co., Boise-Cascade, Inc., Georgia-Pacific Corp., Kenneth & Kathleen Birmingham & Estate of Clarence Brown; Richard D. Davidson, Syracuse, N. Y., of counsel.

Costello, Cooney & Fearon, Syracuse, N. Y., for defendant Tenneco; Charles E. Cooney, Syracuse, N. Y., of counsel.

Anthony F. Shaheen, Utica, N. Y., for defendants Byron M. Chapman and Wife.

Hubert L. Brown Law Offices, Norwich, N. Y., for defendants Oros Brothers, Inc., Joseph Danisevich and Maple Avenue Farms, Inc.; Charles W. Shorter, Norwich, N. Y., of counsel.

## MEMORANDUM—DECISION AND ORDER

McCURN, District Judge.

Plaintiffs have moved for certification of a defendant class pursuant to Rule 23 of the Fed.R.Civ.P. in this action for a declaration of plaintiffs' ownership of and right to possess certain alleged aboriginal territory in the State of New York, for judgment restoring them to possession of that land and for an award of the fair rental value for each portion of the land for the entire period of plaintiffs' dispossession.

The present action was instituted by plaintiffs against one-hundred and fifty-two (152) named defendants, individually and as representatives of a proposed class of defendants. Included among the defendants are the State of New York and several of its administrative agencies, authorities and officials, Counties and other local governmental units, businesses with an interest in property included in the claimed land and certain individual landowners.

Plaintiffs assert a right to possession by the Oneida Nation of Indians through aboriginal title, of in excess of five million acres of land in the State of New York, depicted on a map annexed to plaintiffs' complaint as a swath of land fifty to sixty miles in width extending from the Pennsylvania border north to the Canadian border and encompassing portions of thirteen Central New York Counties.[1] Plaintiffs seek certification of a class solely for the purpose of determining whether certain transactions entered into between the Oneida Nation and the State of New York in 1785 and 1788, may be attacked or upset at this time in such a manner as to give rise to return of the land or an award of monetary damages and for determination of procedural and substantive issues relating to plaintiffs' standing or ability to bring this action.

Excluded from plaintiffs' claim for possession are all lands included in the claimed aboriginal territory which are occupied as a principal place of residence along with two acres surrounding said residence. No relief is sought against persons having such an interest in the land or against members of the Oneida Nation who have an individual interest in the subject land. Plaintiffs, however, make it clear in their complaint

---

1. A 250,000 acre tract of land located in Madison and Oneida Counties has been excluded as territory reserved for the Oneidas in a 1788 transaction.

that no rights which they may have against those presently being excluded are waived or relinquished. Having chosen to limit the present action, plaintiffs have proposed a class of defendants which reflects that decision.

In seeking certification of a defendant class, plaintiffs assert that the class should be defined to include all persons who claim an interest in any portion of the subject land as described in the complaint and outlined on the map annexed thereto, with the exceptions of those individuals who are members of the Oneida Nation of Indians and·persons who occupy the land as a principal place of residence to the extent of two acres surrounding the residence. ·

The State defendants oppose class certification.[2] Other defendants appearing on the motion, including the defendant Counties and certain individual landowners and businesses agree that certification of a defendant class in this action is appropriate, but disagree with plaintiffs as to the scope of membership of the class, arguing that individual Oneida Indians and the small landowners excluded under plaintiffs' definition should be included as class members.

The Court, as discussed below, finds that all of the requirements for a class action have been · satisfied, and furthermore, is convinced that for reasons of judicial economy and efficient and speedy determination of the action, class certification is appropriate for decision of the aforementioned liability issues.

### REQUIREMENTS FOR A CLASS ACTION

Rule 23 of the Fed.R.Civ.P. expressly provides for defendant class actions, stating at Section (a) that "(o)ne or more members of a class may sue or be sued as representative parties on behalf of all . . ." (emphasis supplied). Nonetheless, comparatively few have been brought, and in this particular instance, the Court finds itself proceeding on a relatively uncharted course.[3]

In order for a class to be certified under Rule 23, the moving party must first demonstrate that a class actually exists (*Dolgow v. Anderson*, 43 F.R.D. 472, 491 (E.D.N.Y. 1968), rev'd. on other grounds 438 F.2d 825 (2d Cir. 1971)), and that the proposed representatives are members of that class. *Bailey v. Patterson*, 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962). The movant must then show that the four criteria of Rule 23(a) have been met and in addition demonstrate that the action falls within one of the three categories set forth in Section (b) of the Rule. See *Marcera v. Chinlund*, 595 F.2d 1231, 1237 (2d Cir. 1979); *Green v. Wolf Corp.*, 406 F.2d 291, 298 (2d Cir. 1968), *cert. denied* 395 U.S. 977, 89 S.Ct. 2131, 23 L.Ed.2d 766 (1969). These requirements must be met in both plaintiff and defendant class actions. *Marcera v. Chinlund, supra* at 1237; Note, *Defendant Class Actions*, 91 Harv.L.Rev. 630, 633 (1978).

■ The Court is satisfied that a class does exist in this case since its membership is administratively determinable from the public records concerning the land involved.[4] The boundaries of the land claimed by the plaintiffs as delineated on the map annexed to the complaint, while not exact, are sufficient for the purpose of giving the necessary notice to class mem-

---

2. Although the State suggests that the requirements for a class action under Rule 23 of the Fed.R.Civ.P. have not been satisfied, primarily because of an alleged lack of typicality of defenses, its opposition rests primarily on arguments pertaining to the underlying merits of the case. This Court is not required, nor in fact is it allowed to consider the merits as suggested by the State in deciding whether this action should be certified as a class action. See *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 176, 94 S.Ct. 2140, 2151, 40 L.Ed.2d 732 (1974).

3. Plaintiffs' motion, however, is not completely without precedent. This Court is aware of the case *Mashpee Tribe v. New Seabury Corp.*, 447 F.Supp. 940 (D.Mass.1977), aff'd. 592 F.2d 575 (1st Cir. 1979), also involving an Indian land claim, in which a class of defendants was certified by the Court in an Order dated January 21, 1977.

4. This would be the case whether the class is defined as suggested by plaintiffs or if expanded to satisfy the defendants.

bers at this time, and the fact that it may not be possible to ascertain the identity of every class member at this point does not prevent recognition of a class. *Dolgow v. Anderson, supra; Yaffe v. Powers,* 454 F.2d 1362, 1366 (1st Cir. 1972).

██ Furthermore, the four criteria of Section (a) have been satisfied. The class either as proposed by plaintiffs or the County defendants is clearly so numerous that joinder would be impracticable, if not actually impossible. The class as defined by plaintiffs would number around 60,000 members.[5] As defined by the Counties, the class would, according to plaintiffs, number approximately half a million persons.

██ There are "questions of law or fact common to the class" satisfying the second requirement. Rule 23(a)(2). In this case certification is requested for the limited purpose of determining whether transactions between the Oneida Indian Nation and the State of New York in 1785 and 1788 may be upset or attacked at this time. As a result of this limitation, the questions involved are virtually identical as to the proposed representatives and each member of the proposed class.

██ The State defendants argue that the third criterion, that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" is not satisfied in this instance. Rule 23(a)(3). In so arguing, the State points out that while it and its agencies have the benefit of the Eleventh Amendment defense, the non-state defendants do not.[6]

██ However, even assuming that the State defendants are correct with regard to the Eleventh Amendment defense, the requirement is still satisfied. The Rule does not mandate that all defenses be identical.

Clearly, if the State was the only available representative, the existence of an Eleventh Amendment defense would be a crucial factor in deciding the certification question. However, that is obviously not the case. Even if the action is dismissed against the State and its agencies, there will remain a more than sufficient number of potential class representatives with defenses identical to those of the proposed class on the liability issues.

The final prerequisite of Rule 23(a) and perhaps the one meriting the closest examination is that "the representative parties will fairly and adequately protect the interests of the class." Rule 23(a)(4). The reason for its importance is its direct relevance to the question of due process. Since class members are bound by the result of a class action, it is crucial in the satisfaction of due process requirements that they receive adequate representation. See *Hansberry v. Lee,* 311 U.S. 32, 6 S.Ct. 115, 85 L.Ed. 22 (1940).

██ In order to satisfy the requirement, the moving party must convince the Court not only that the proposed representatives do not have interests antagonistic to those of the proposed class members, but also that counsel for the representatives be "qualified, experienced and generally able to conduct the proposed litigation." *Eisen v. Carlisle & Jacquelin,* 391 F.2d 555, 562 (2d Cir. 1968). The Court has a great deal of latitude and discretion in selecting class representatives whom it believes will provide the necessary protection out of those proposed by the moving party.

 The interests of the proposed representatives in this action do not appear to be antagonistic to those of class members. The only possible exception might with re-

---

**5.** The 60,000 figure was arrived at by Donald A. Fisher, a local property appraiser under contract with the Native American Rights Fund. Mr. Fisher's basic data source, according to an affidavit submitted by him in support of the motion, was the 1970 Census of Population-New York. None of the defendants has disputed the accuracy of the figure.

**6.** The State also contends that the typicality requirement is not satisfied because individual landowners have a bona fide purchaser defense not available to the State. The flaw in this argument is that a bona fide purchaser defense will not arise in a determination of the liability issues for which certification is sought. Rather that defense might be raised at a later point should plaintiffs prevail on the issue of liability.

gard to the State since private landowners may choose to cross claim against the State. However, that would occur at a later point and even then only if the plaintiffs prevail on the liability issues. The possibility of antagonistic interests prevents certification of a class only if the antagonism goes to the subject matter of the litigation, which is not the case here since private landowners and the State alike have an interest in presenting strong opposition on the liability issues. See *Frost v. Weinberger,* 375 F.Supp. 1312 (E.D.N.Y.1974), rev'd. on the merits 515 F.2d 57 (2d Cir. 1975), *cert. denied,* 424 U.S. 958, 96 S.Ct. 1435, 47 L.Ed.2d 364 (1976). The proposed representatives all have property interests to protect in this action, and there is absolutely no indication that they have any intention but to vigorously defend those interests against the plaintiffs' claims. Therefore, the Court is assured that the class members will receive adequate protection.

Furthermore, the Court is convinced that counsel for the proposed representatives is more than competent to protect the interests of absent class members. The attorney representing the defendant Counties and certain of the individual landholders has had a great deal of prior experience in Indian land claim actions,[7] and has expressed a willingness to take on the duty of representation of the class in this instance. In addition other potential class representatives are represented by extremely able local counsel. Thus, both aspects of the fourth and final requirement under Rule 23(a) have been satisfied in this case.

Plaintiffs have also demonstrated that this action falls within one of the three categories set forth at Rule 23(b). Plaintiffs contend that certification in the present case would be appropriate under either Section (b)(1)(B) or (b)(3). However, in defendant class actions, it is preferable and perhaps even necessary to certify a

class under either (b)(1) or (b)(2) rather than (b)(3), to avoid the possibility of defendant class members opting out of the class as is allowed under (b)(3). See 1 Newberg on Class Actions § 1148.

■ Rule 23(b)(1)(B) provides that an action may be maintained as a class action if:
"(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests."

The present action falls within that section. The fact that a determination on the liability issues might have *stare decisis* consequences for individuals owning property in the claimed area would not be sufficient to bring the action within Section (b)(1)(B). *LaMar v. H & B Novelty & Loan Co.,* 489 F.2d 461 (9th Cir. 1973). However, in this instance, adjudication favorable to the plaintiffs against the individual defendants on the liability issue would have a far greater impact than simply *stare decisis* consequences.

Defendants contend that the commencement of this action has placed a cloud on the titles to all property in the affected area, whether the owner is a party to this action or not. A determination on liability in plaintiffs' favor could, according to defendants virtually destroy the value and marketability of all of the property in the area. Thus, it is clear that this is the type of situation envisioned under Section (b)(1)(B) for class action treatment.

## CLASS COMPOSITION

■ Having determined that class certification on the liability issues is appropriate,

---

**7.** Allan van Gestel, Esq., of Goodwin, Procter & Hoar, has been involved in the litigation of Indian land claims for several years. Cases in which he has opposed the claims include *Narragansett Tribe of Indians v. Southern Rhode Island Land Development Corp.,* 418 F.Supp. 798 (D.C.), in which a settlement was negotiated by Mr. van Gestel's office; *Mashpee Tribe v. New Seabury Corp., supra; Epps v. Andrus,* 611 F.2d 915 (1st Cir. 1979); and *Oneida Indian Nation of the State of New York v. Cty. of Oneida,* 434 F.Supp. 527 (N.D.N.Y.1977).

the Court must deal with what it considers the more difficult question of class composition. As previously explained, plaintiffs have chosen to seek relief from a particular group with interests in the claimed land. Thus, they purpose a class of defendants comprising only this limited group.

Defendants, however, argue that since this action in reality calls into question the validity of all interests in the claimed land, and not simply the interests of the arbitrarily selected group, that all of those persons with interests in the land should be included in the defendant class. According to defendants, it is highly probable that the Trade and Intercourse Act of 1790, as amended, 25 U.S.C. § 177, precludes the Oneida Nation from waiving any rights to land that it may have against the excluded landholders. In fact, plaintiffs have made it quite clear that they have no intention of waiving any rights. Therefore, defendants argue, an adjudication in favor of plaintiffs on the liability questions would have exactly the effect on those individuals whom plaintiffs wish to exclude, which Section (b)(1)(B) seeks to avoid, since the ability of these individuals to protect their property would be severely impaired by the determination.

Although defendants' argument is not without merit, the combination of circumstances herein militates against the proposed expansion of the class.[8] The Court does not dispute defendants' contention that the pendency of this action places a cloud on all of the real estate titles on the land included in plaintiffs' claim. Nor does the Court fail to recognize the potential for disruption in the real estate market and the serious problems which may arise in obtaining title insurance.

It is indeed unfortunate that the Oneida Indian Nation has found it necessary to resort to the courts for a resolution of its land claims rather than before the Indian Claims Commission, which was established to deal with just such claims. This case offers a perfect example of the kind of lawsuit referred to by Chief Judge Kaufman in *British Airways Bd. v. Port Authority of New York,* 558 F.2d 75, 78 (2d Cir. 1977) (and later adopted in reference to another Indian land claim case *The Oneida Nation of the State of New York v. The County of Oneida, supra,* 434 F.Supp. 532), in which he stated that "(a)s in so many cases in which a political solution is preferable, the parties find themselves in a court of law." Be that as it may, the matter is before the Court and the resulting ramifications unavoidable.

Defendants have correctly pointed out that the Court has the authority to modify the definition of a class proposed by the party seeking certification. However, whether that power extends to increasing the size of a proposed class by 1,000%, especially in a situation requiring individual notice to class members is questionable.[9] (See *Hicks v. Crown Zellerbach Corp.,* 49 F.D.R. 184, 196 n. 2 (E.D.La.1968) in which the Court concluded that although courts can modify the scope of a proposed class action, that the authority would not extend to enlargement of the class beyond the scope asserted by the party seeking certification.)

In any event, even if such an enlargement is within the Court's discretion, it would be an unwise move in this instance since plaintiffs have made it clear that they would be unable to bear the cost of notice to an expanded class of half a million. The result, therefore, would in all probability be the inability to proceed with a class action on the issue of liability, and the benefits of

---

**8.** The Court would have perhaps been more receptive to an expansion of the class resulting in only a fractional increase in class size and corresponding notice costs, rather than an increase from approximately 60,000 to around 500,000.

**9.** While Rule 23 does not contain notice requirements for Section (b)(1)(B) class actions, due process in this action involving defendants' property rights mandates some type of individual notice to class members. See *Mullane v. Central Hanover Tr. Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The Court has discretion pursuant to Rule 23(d)(2) to fashion such notice requirements as it believes are necessary to protect the rights of class members.

judicial economy and efficiency derived from use of a class action would be lost.[10]

Furthermore, the fact that the titles of those excluded from the proposed class are affected by this litigation does not mandate their participation. Nor does the fact that plaintiffs may not have the authority to waive their rights against the excluded group mean that they must be denied the privilege of choosing their own defendants in this action.

The Court in *Oneida Indian Nation of New York v. Cty. of Oneida, supra,* at 530 recognized that the impact of that Indian claim action against two counties would reach far beyond the boundaries of the suit since the claim could be asserted against anyone with an interest in the land. However, the Court apparently did not find it necessary to join those individuals under Rule 19 of the Fed.R.Civ.P., nor did the Court require that the action proceed as a class action in order to allow all of those with an interest in the property to protect that interest.

In addition, the Court is not convinced that expansion of the class as requested by the defendants is necessarily in the best interests of those persons whom plaintiffs have chosen to exclude from liability in this action.

It appears inevitable that the cloud on real estate in the claimed area will remain until the liability issue is determined, and that cloud will remain on the titles of those excluded from the class under plaintiffs' proposal, whether they are made class members or not. Defendants argue that by exclusion from the defendant class, landowners and others with an interest in the land are being denied the opportunity to participate in the determination of their practical right to exclusive use and possession of their land. However, so long as those individuals are not included in this action as members of the defendant class, their legal rights with regard to the land will not be directly in jeopardy since they cannot be bound by a determination on liability favorable to plaintiffs. See *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

On the other hand, if plaintiffs do not prevail on the liability issues, the non-class member landowners will in all likelihood share in the defendants' victory through the application of the doctrine of collateral estoppel. See *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), in which the Supreme Court dispensed with the mutuality of estoppel requirement in patent cases and *Parklane Hosiery Co. v. Shore, supra,* in which the Court suggests that *Blonder-Tongue* may have been intended to extend beyond the realm of patent cases.

Of course, any person with an interest in the land claimed by the Oneida Nation who has been excluded from the defendant class may seek to intervene in this action if he believes it necessary to protect his property interests. However, that choice should remain with the individual at this point, since there is a definite risk involved as a party to the action.

In certifying a class of defendants in this action, the Court wishes to make perfectly clear to the parties that it is fully aware of its authority to alter or amend this Order before a decision is reached on the merits and will fully exercise that authority when and if it is deemed necessary.[11]

Accordingly, it is hereby ORDERED that:

(1) this action is certified as a class action pursuant to Fed.R.Civ.P. 23(b)(1)(B) against defendants: The State of New York, represented by the Attorney General and his

---

10. In addition, the cloud on real estate title would remain until the issue of liability is resolved regardless of whether the action proceeds as an individual or class action. Thus, the excluded class members would gain nothing by an expansion of the class if plaintiffs could not then maintain it as such.

11. For example, although it is premature at this point, it may become necessary at some point in the litigation to designate subclasses. The class representatives selected by the Court include potential representatives of subclasses.

delegates; the defendants Valentine Ryan and the Counties of Broome, Chenango, Cortland, Delaware, Herkimer, Jefferson, Lewis, Madison, Oneida, Onondaga, St. Lawrence, and Tioga, represented by Allan van Gestel, Esq., of the firm of Goodwin, Procter & Hoar of Boston, Massachusetts; and defendants Town of Manlius, St. Regis Paper Company and Georgia-Pacific Corp., represented by Richard D. Davidson, Esq., of the firm of Hiscock, Lee, Rogers, Henley & Barclay of Syracuse, New York, individually and on behalf of all other persons who claim an interest in any portion of the subject land as described in paragraph 33 of plaintiffs' complaint and the map annexed thereto, with the exceptions of individual Oneida Indians and persons who occupy the land as a principal place of residence to the extent of two acres surrounding said residence;

(2) this action is dismissed pursuant to Rule 41(a) of the Fed.R.Civ.P. with respect to all named defendants other than the above designated class representatives; provided, that such other named defendants shall be fully bound, as members of the defendant class, as to all issues concluded by the judgment, in this class action;

(3) no further pleadings or other papers need be filed by or served upon any named defendant as to whom this action has been dismissed;

(4) nothing in this Order shall prejudice the right of any party to file any counterclaim, cross claim, motion to join additional parties, or third-party complaint against any other person or party pursuant to the Federal Rules of Civil Procedure;

(5) the plaintiffs and all members of the defendant class are enjoined during the pendency of this action from instituting or proceeding with any action in any other court to determine the issues of title or right to the subject land as between the plaintiffs and any of the defendants, to be decided by this class action; provided, that this Order shall not affect the right of any member of the defendant class to obtain a determination in any forum of such defendant's rights as against any other member of the defendant class or as against any non-party;

(6) this action shall proceed immediately as a class action pursuant to the terms of this Order, pending any modification of the terms of the Order pursuant to any objection or request to appear or intervene by any member of the defendant class;

(7) subject to further Orders of this Court the class of defendants is certified solely for the purpose of determining the issues as to whether the transactions between the Oneida Nation of Indians and the State of New York in 1785 and 1788, as more fully described in the complaint, may now be upset or attacked at this time in such a manner as to give rise to a return of the land or an award of monetary damages to the successors of the Oneida Nation, and those procedural and substantive issues which relate to the plaintiffs' status, standing or ability to bring this action;

(8) commencing within twenty (20) days of entry of this Order, plaintiffs shall cause to be published three times, once each in three consecutive weeks, in at least one newspaper of general circulation published in each of the thirteen counties named in the complaint and in the New York Times newspaper and shall cause to be posted in a conspicuous place in each county in the offices where deeds are recorded, and within ninety (90) days shall cause to be mailed by first class regular mail, to members of the defendant class listed upon the most current published rolls of persons assessed as owners of real estate in the area included within the map annexed as Exhibit A to the complaint, a copy of this Order and of the following form of Notice bearing the caption of this action:

TO ALL PERSONS WHOM IT MAY CONCERN: Take notice that the above entitled action has been certified by the court as a class action against all persons who claim an interest in any portion of the real estate described below with the exceptions of individual Oneida Indians and those persons who occupy portions of the land as a principal place of residence to the extent of

two acres surrounding said residence. Plaintiffs Oneida Indian Nation of Wisconsin and Oneida of the Thames Band ask the court to declare that it has the right to receive possession and the fair rental value of such real estate.

ANY PERSON WHO IS A MEMBER OF THE DEFENDANT CLASS AS ABOVE DESCRIBED AND WHO WISHES TO OBJECT TO THE CERTIFICATION OF THIS ACTION AS A CLASS ACTION, AS PROVIDED BY THE ENCLOSED ORDER OF THE COURT, OR WHO WISHES TO OBJECT TO THE ADEQUACY OF THE REPRESENTATION OF THE CLASS OR TO APPEAR INDIVIDUALLY IN SAID ACTION FOR ANY PURPOSE, MUST, ON OR BEFORE JUNE 1, 1980, FILE A MOTION BEFORE THE COURT AT UTICA, NEW YORK, CONTAINING SUCH OBJECTION OR REQUEST TO APPEAR, AND THE REASONS THEREFOR, OR SUCH OBJECTION OR REQUEST SHALL BE DEEMED WAIVED.

The said real estate is described generally as follows: All that land in the counties of Broome, Chenango, Cortland, Delaware, Herkimer, Jefferson, Lewis, Madison, Oneida, Onondaga, Oswego, St. Lawrence and Tioga as depicted within the boundaries on the map attached to this notice as Exhibit A, except for the cross-hatched area located in Madison, Oneida and Onondaga Counties.

And that plaintiffs shall certify to this Court the names of the persons to whom such notice is mailed, the date of such notice, the name of newspapers in which such notice is published and the dates of publication and the places in which such notice has been posted, and the dates of posting;

(9) that pending receipt of responses to the notice called for in section (8) hereof, it would be generally undesirable to require responsive pleadings to the complaint, and it is accordingly further ordered that the time within which the representative defendants must move, answer or otherwise plead to the complaint or bring cross or

third party actions is hereby extended to and including June 16, 1980.

IT IS SO ORDERED.

