The CAYUGA INDIAN NATION et al., Plaintiffs,

v.

Hugh L. CAREY et al., Defendants.

The CAYUGA INDIAN NATION et al., Plaintiffs,

v.

William J. KIRK et al., Defendants.

Nos. 80–CV–930, 80–CV–960.

United States District Court, N. D. New York.

March 25, 1981.

Wender, Murase & White, Washington, D. C., Meggesto & Meggesto, Syracuse, N. Y., for plaintiffs; Arthur J. Gajarsa, Kenneth A. Marra, Washington, D. C., Judy Lewis Meggesto, Syracuse, N. Y., of counsel.

Robert Abrams, Atty. Gen. of N. Y. Dept. of Law, Albany, N. Y., Pinsky & Pliskin, Syracuse, N. Y., for W.W. & F.W. Patterson, Jr. & W.W. Patterson, Inc.; Jeremiah Jochnowitz, Asst. Sol. Gen., Albany, N. Y., Roy Pliskin, Syracuse, N. Y., of counsel.

Huber, Magill, Lawrence & Farrell, New York City, for New York State Electric & Gas Corp.; Howard M. Schmertz, New York City, of counsel.

Hiscock, Lee, Rogers, Henley & Barclay, Syracuse, N. Y., for Consolidated Rail Corp.; Richard D. Davidson, Syracuse, N. Y., of counsel.

Hale & Dorr, Boston, Mass., for County of Seneca, et al.; James D. St. Clair, William F. Lee, Boston, Mass., of counsel.

Goodwin, Procter & Hoar, Boston, Mass., for County of Cayuga, et al.; Allan van Gestel, Boston, Mass., of counsel.

Henry Koch, pro se.

William J. Kirk, pro se.

McCURN, District Judge.

## MEMORANDUM—DECISION AND ORDER

Plaintiffs commenced this action (80–CV–930) against numerous defendants, both individually and as representatives of a proposed class of defendants, seeking a declaration of plaintiffs' ownership and right to possess certain land allegedly reserved for them by and in the State of New York, for judgment restoring them to possession of this land, for an award of fair rental value during the period of their dispossession and for other monetary and protective relief. The named defendants include the Governor of the State of New York, numerous State administrative agencies, authorities and officials, the Counties of Cayuga and Seneca and other local gov-

ernmental entities, businesses with property interests within the claim area and certain individual landowners. Shortly after the above described action was filed, plaintiffs commenced a similar lawsuit, 80–CV–960, against certain individual landowners seeking identical relief.

In both actions, plaintiffs assert a right to possession by the Cayuga Indian Nation of New York of 64,015 acres of land in the State of New York. The claimed land is said to comprise the plaintiffs' Original Reservation lands, which allegedly were reserved for them in a 1789 Treaty transaction with the State of New York. The claim area is depicted on a map attached to the Complaint in 80–CV–930 as two swaths of land on the eastern and western shores at the northern end of Cayuga Lake. Stated briefly, plaintiffs allege that the lands reserved under the 1789 Treaty were lost by the Cayuga Nation through transactions with the State of New York in 1795 and 1807; that these transactions are void because violative of the Articles of Confederation, the United States Constitution, certain treaties between the United States and the Cayuga Nation, the Trade and Intercourse Acts, the New York Constitution and federal common law; and that because the present owners and occupiers of the lands within the claim area all trace title to either the 1795 or the 1807 transactions, their titles and interests are void.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, plaintiffs moved for certification of a defendant class in 80–CV–930 for the purpose of determining certain substantive and procedural issues to be described in the Order accompanying this opinion. A hearing was held on plaintiffs' motion for class certification on January 29, 1981. Having carefully considered the briefs and arguments advanced by the named parties, I conclude that the requirements for a class action are satisfied and that, in a case of this magnitude, the defendant class action device will promote a fair and expeditious determination of the certified issues. Also

before the Court is a motion to consolidate the two actions.

## RULE 23 REQUIREMENTS FOR A CLASS ACTION.

■ Rule 23 of the Federal Rules of Civil Procedure provides for defendant class actions and this Court recently certified a defendant class in a similar case involving land claims asserted by the Oneida Indians. *The Oneida Indian Nation of Wisconsin v. State of New York*, 85 F.R.D. 701 (N.D.N.Y. 1980). As in the *Oneida* case, I find that a proper defendant class exists and that the proposed representatives are members of that class. The boundaries of the Original Reservation are described in the 1789 Treaty and the graphic depiction of the Original Reservation on the map attached to the complaint is sufficiently accurate for notice purposes. While the record identification of each and every class member may present some problems, they are not insurmountable and do not, in any event, preclude class certification. *Oneida Indian Nation of Wisconsin,* supra, 85 F.R.D. at 704–05.

■ I further find that the four criteria set out in Rule 23(a) are satisfied in this case. It is clear that the proposed class satisfies the numerosity requirement. With respect to the second requirement, there are questions of law and fact common to the class. The parties are basically in agreement concerning the issues for which class certification is appropriate. Specifically, the parties agree that a class should be certified for the purpose of determining: (1) whether the transactions between the Cayuga Nation of Indians and the State of New York in 1795 and 1807, as described in the Complaint, may be upset or attacked at this time in such a manner as to give rise to a return of the land or an award of monetary damages to the successors of the Cayuga Nation; (2) those procedural and substantive issues which relate to the plaintiffs' status, standing or ability to bring this action.[1]

---

1. The Court is advised that another group of Indians intend to petition for intervention in this action. As yet, however, no application has been filed with the Court. If and when

■ Plaintiffs, however, also seek certification for the purpose of a determination as to the establishment, pendente lite, of a judgment fund from tax revenues and other income derived from the land base comprising the Original Reservations lands. In this regard, plaintiffs also argue that the representatives of the class must be sufficiently numerous to provide a broad base for such a judgment fund. At the hearing on class certification, certain defendants opposed the inclusion of this issue in the initial certification order. The Court notes that plaintiffs have not specifically identified which defendants should participate in such a judgment fund in the event that the Court grants this form of preliminary relief. It appears from the plaintiffs' written submissions, however, that they do not envision class-wide participation. On the sparse record now before the Court, I am not persuaded that plaintiffs have satisfied the requirements of Rule 23(a) with regard to the question of a judgment fund, and accordingly conclude that this issue is inappropriate for class certification at this time. In reaching this result, I decided only that there is an insufficient showing concerning the proper structuring of a class or subclass for the possible establishment of a judgment fund; no opinion is expressed concerning the merits of the request to establish such a fund. When and if such a motion is made, there will be time enough to establish a proper factual record on which to base such relief. If it then appears that modification of the original class, or the designation of a subclass is appropriate, this Court has ample authority to do so. *Oneida Indian Nation of Wisconsin, supra,* 85 F.R.D. at 708.

■ Finally, plaintiffs seek certification of a class for the purpose of securing a determination whether plaintiffs are the rightful owners of the legal and equitable title to the land in question and have the right to possession of that land. This, of course, is but one way of stating the ultimate liability questions presented in this case. As such, this formulation subsumes the issues raised in (1) above, for if the Cayuga Nation is determined to be the rightful owner of title to the disputed land, that determination must rest on a conclusion that the 1795 and 1807 land transactions are now subject to attack by these plaintiffs. While the matter is not free from doubt, I conclude that the best course is to include this statement of the ultimate issue in the class certification Order, subject to this Court's authority to modify the class, to require the designation of subclasses and to direct the order of proofs. If at any time during this litigation it appears that a defendant class action is inappropriate for the determination of this issue, the Court will take proper steps to protect the interests of both plaintiffs and all members of the class.[2]

■ With the possible exception of the liability issue discussed in the preceeding paragraph, the claims and defenses of the representative parties are typical of the claims and defenses of the class, thus satisfying Rule 23(a)(3). Moreover, as noted in footnote 2, the class action device is sufficiently flexible to permit the Court to accommodate any atypical defenses at a later stage of this lawsuit.

■ Rule 23 also requires a determination that "the representative parties will fairly and adequately protect the interests of the class." As in the *Oneida* case, I find that the "proposed representatives all have property interests to protect in this action, and there is absolutely no indication that they have any intention but to vigorously defend those interests against the plaintiffs' claims." 85 F.R.D. at 706. Moreover, the attorneys for the proposed representa-

---

such a motion is made, the Court will address the need for further notification of the class.

**2.** It may be that individual defendants or groups of defendants have unique defenses which should be resolved only after a decision is rendered on issues (1) and (2) above. *See*

*Oneida Indian Nation of Wisconsin v. State of New York,* 85 F.R.D. 701, 705, n. 6 (N.D.N.Y. 1980) (bona fide purchaser defense should be raised after a determination of the basic liability issues).

tives are fully competent to protect the interests of absent class members. Allan van Gestel, Esq. of Goodwin, Procter & Hoar, representing Cayuga County, the Miller Brewing Company and certain individual defendants, has litigated numerous Indian land claims in the past; currently, Mr. van Gestel is counsel for representative defendants in the *Oneida* case. Similarly, counsel for the State defendants, for Consolidated Rail Corp., and for New York State Electric & Gas Corp. are involved in the *Oneida* case now pending before this Court. Finally, James D. St. Clair, Esq., of Hale & Dorr, representing Seneca County, several towns and villages therein and certain individual landowners, has been active in the defense of other Indian land claims. Accordingly, I conclude that the representative parties and their counsel will provide fair and adequate protection for the interests of the class.

All parties agree that this case should be certified as a Rule 23(b)(1)(B) class action, and the Court so finds.

CLASS COMPOSITION.

■ In defining a defendant class in this case, plaintiffs propose to exclude individual members of the Cayuga Indian Nation of New York who assert an interest in the disputed land other than the interest asserted in plaintiffs' claim under the 1789 Treaty. The County defendants, among others, oppose this exclusion, primarily on the ground that plaintiffs' claim challenges the validity of all interests in the subject land where title is traceable to either the 1795 or the 1807 transactions. A similar argument was considered and rejected by this Court in the *Oneida* case, 85 F.R.D. at 706–08; however, the reasoning in that case does not mandate the same result here. In *Oneida* this Court emphasized that to eliminate Indian and other proposed exclusions from the defendant class would result in a 1,000 percent increase in the size of the class and would thereby raise the cost of notice to a point which would have precluded plaintiffs from proceeding with their claims. Here, by contrast, there is no substantial showing that excessive notice costs will result by

including individual Indian landowners within the defendant class. On these facts there is no reason why the class of defendants ought not to include all persons who claim title to the subject land adverse to the reserved title claims of the plaintiffs.

■ Defendant Consolidated Rail Corp. argues that the class should be defined to include in addition to owners of title, all persons claiming any derivative interest in the subject land. While the outcome of this litigation will doubtless affect such derivative interests, this Court declined to expand the *Oneida* class in this manner, and finds no reason to depart from that conclusion in this case. However, this Court's observation in *Oneida* applies with equal force here:

Of course, any person with an interest in the land claimed by the (Cayuga Indian Nation) who has been excluded from the defendant class may seek to intervene in this action if he believes it necessary to protect his property interests. However, that choice should remain with the individual at this point, since there is a definite risk involved as a party to this action.

85 F.R.D. at 708.

■ One final point concerns the question of notice to class members. The parties agree that individual notice to class members is proper given the important property interests at stake in this litigation. Consolidated Rail Corp., however, argues that individual class members should be notified by certified mail with a return receipt requested, rather than by first class mail. They reason that in this day of proliferating junk mail, class members may simply disregard a first class letter, but would be more inclined to pay careful attention to a certified letter. This Court does not believe, however, that plaintiffs should be burdened with the substantially greater costs of a certified mailing to the thousands of class members solely on the basis of one defendant's speculation concerning human behavior. Indeed, if defendant is correct in its assessment of human behavior, one would be equally justified in supposing that

most people would pay even closer attention if notice was given by personal service upon each class member, yet even Consolidated Rail has not suggested that the Court impose such a requirement in this case. In short, I conclude that individual notice by first class mail, coupled with notice by publication satisfies the requirements of due process and Rule 23.

Accordingly, it is hereby

ORDERED, that:

(1) this action is certified as class action pursuant to Fed.R.Civ.P. 23(b)(1)(B) against: The Governor and the State of New York, represented by the Attorney General and his delegates; the defendants Miller Brewing Company and the County of Cayuga, represented by Allan van Gestel of the law firm of Goodwin, Procter & Hoar, Boston, Massachusetts; the defendant Consolidated Rail Corporation, represented by Richard D. Davidson of the law firm of Hiscock, Lee, Rogers, Henley & Barclay, Syracuse, New York; the defendants David L. Koch, George G. Souhan and the County of Seneca, represented by James D. St. Clair of the law firm of Hale & Dorr, Boston, Massachusetts; and the defendant New York Electric and Gas Corporation, represented by Howard M. Schmertz of the law firm of Huber, McGill, Lawrence & Farrell, New York, New York;

(2) pursuant to Rule 42(a), Fed.R.Civ.P., the action entitled *The Cayuga Indian Nation of New York v. William J. Kirk, et al.,* 80–CV–960 is consolidated with the action entitled *The Cayuga Indian Nation of New York v. Carey, et al.,* 80–CV–930;

(3) the now consolidated action is dismissed pursuant to Fed.R.Civ.P. 41(a) with respect to all named defendants other than the above designated class representatives provided that such other named defendants shall be bound fully as members of the defendant class, as to all issues concluded by the judgment in this class action;

(4) no further pleadings or other papers need be filed by or served upon any named defendant as to whom this action has been dismissed, subject to further Orders of this Court;

(5) nothing in this Order shall prejudice the right of any party to file any counterclaim, cross-claim, motion to join additional parties, or third party complaint against any other person or party pursuant to the Federal Rules of Civil Procedure;

(6) the plaintiffs and all members of the defendant class are enjoined during the pendency of this action from instituting or proceeding with any action in any other court to determine the issues of title or right to the subject land as between the plaintiffs and any of the defendants, to be decided by this class action; provided, that this Order shall not affect the right of any member of the defendant class to obtain a determination in any forum of such defendant's rights as against any other member of the defendant class or as against any non-party;

(7) this action shall proceed immediately as a class action pursuant to the terms of this Order, pending any modification of the terms of the Order pursuant to any objection or request to appear or intervene by any member of the defendant class;

(8) subject to further orders of this Court the class of defendants is certified solely for the purpose of determining the issues as to whether the transactions between the Cayuga Nation of Indians and the State of New York in 1795 and 1807, as more fully described in the Complaint, may now give rise to a return of the land or an award of monetary damages to the successors of the Cayuga Nation, the procedural and substantive issues which relate to the plaintiffs' status, standing or ability to bring this action; and whether plaintiffs are the rightful owners of the legal and equitable title to the subject land and have the right to possession of that land;

(9) that commencing within twenty (20) days of entry of this Order, plaintiffs shall cause to be published three times, once each in three consecutive weeks, in at least one newspaper of general circulation published in each of the counties named in the Complaint and in the New York Times newspaper and shall cause to be posted in a con-

spicuous place in each county in the offices where deeds are recorded, and within ninety (90) days shall cause to be mailed, by first class regular mail, to each person listed upon the most current published rolls of persons assessed as owners of real estate in the area described in paragraph "30" of the Complaint as the "Original Reservation lands", a copy of this Order and of the following form of Notice bearing the caption of this action:

TO ALL PERSONS WHOM IT MAY CONCERN: Take notice that the above-entitled action has been certified by the Court as a class action against all persons who claim an interest in any portion of the real estate described below. Plaintiffs Cayuga Indian Nation of New York, et al., ask the Court to declare that they have the right to receive possession and the fair rental value of such real estate.

ANY PERSON WHO IS A MEMBER OF THE DEFENDANT CLASS AS ABOVE DESCRIBED AND WHO WISHES TO OBJECT TO THE CERTIFICATION OF THIS ACTION AS A CLASS ACTION, AS PROVIDED BY THE ENCLOSED ORDER OF THE COURT, OR WHO WISHES TO OBJECT TO THE ADEQUACY OF THE REPRESENTATION OF THE CLASS OR TO APPEAR INDIVIDUALLY IN SAID ACTION FOR ANY PURPOSE, MUST, ON OR BEFORE JUNE 10, 1981, FILE A MOTION WITH THE COURT AT UTICA, NEW YORK, CONTAINING SUCH OBJECTION OR REQUEST TO APPEAR, AND THE REASONS THEREFOR, OR SUCH OBJECTION OR REQUEST SHALL BE DEEMED WAIVED. COPIES OF ANY SUCH MOTION MUST ALSO BE SERVED UPON COUNSEL FOR THE PLAINTIFFS AND COUNSEL FOR THE REPRESENTATIVE DEFENDANTS.

The said real estate is described generally as follows: All that land in the counties of Cayuga and Seneca, New York, included in that tract of land beginning at the Cayuga Salt Spring on the Seneca River and running thence southerly to intersect the middle of a line to be drawn from the outlet of Cayuga to the outlet of Waskongh Lake and from the said place of intersection southerly the general course of the eastern bank of the Cayuga Lake, thence westerly to intersect a line running on the west side of the Cayuga Lake at the mean distance of three miles from the western branch thereof; and from the said point of intersection along the said line so running on the west side of the Cayuga Lake to the Seneca River, thence down the said river to the Cayuga Lake, thence through the said Lake to the outlet thereof, thence farther down the said river to the place of beginning, so as to comprehend within the limits aforesaid and exclusive of the water of Cayuga Lake the quantity one hundred square miles; also the place in the Seneca River at or near a place called Skayes, where the Cayugas have heretofore taken eel, and a competent piece of land on the southern side of the river at the said place sufficient for the said Cayugas to land and encamp on and to cure their eel, excepted nevertheless out the said lands or reserved one mile square at the Cayuga Ferry—all as more generally depicted on the maps attached to this notice as Exhibit A, pages 1 and 2.

And that plaintiffs shall certify to this Court the names of the persons to whom such notice is mailed, the date of such notice, the name of the newspapers in which such notice is published and the dates of publication and the places in which such notice has been posted, and the dates of posting.

(10) pending receipt of responses to the notice called for in section (8) hereof, it would be generally undesirable to require responsive pleadings to the Complaint and it is accordingly further ordered that the time within which the representative defendants must move, answer or otherwise plead to the Complaint or bring cross or third party actions is hereby extended to and including June 30, 1981.