Lorraine DeALLAUME and Guy Zeches, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Cesar A. PERALES, as Commissioner of the New York State Department of Social Services, James A. Krauskopf, as Commissioner of the New York City Social Services District, Lois Bowling, as Commissioner of the Wyoming County Social Services District, and all other County Commissioners of Social Services Districts within New York State, Defendants.

No. 84 Civ. 6691 (SWK).

United States District Court, S.D. New York.

April 25, 1986.

Robert Piller, Michele Marqui, Public Utility Law Project, Albany, N.Y., for plaintiffs.

State of New York, Dept. of Law, New York City by Gerald Slotnick, The City of New York Law Dept., New York City by Diana J. Goldwasser, The County of Wyoming Office of Co. Atty., Warsaw, N.Y. by Kevin Perkins, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The Low Income Home Energy Assistance Program, authorized under the Low Income Home Energy Assistance Act of 1981, 42 U.S.C. § 8621 *et seq.* ("LIHEAA"), provides funds to enable qualifying households to meet spiraling home energy costs. Participating states receive an allotment of funds according to a formula specified by Congress; the State of New York distributes these funds pursuant to the Home Energy Assistance Program ("HEAP"). The New York State Department of Social Services ("DSS") oversees this program while local DSS agencies administer the program in their respective districts. N.Y. Social Services Law § 97 (McKinney 1986).

There are two restrictions governing the distribution of these funds which are relevant to the instant action. First, only low-income households, *e.g.*, recipients of Aid to Families With Dependent Children ("AFDC"), are eligible to receive annual HEAP payments. 42 U.S.C. § 8624. Second, federal law provides that HEAP payments "shall not be considered income or resources of such household (or any member thereof) for any purpose under any Federal or State law, including any law relating to taxation, food stamps, public assistance, or welfare programs." 42 U.S.C. § 8624(f). Similarly, New York law prohibits HEAP benefits from being considered as "income or resources" for any purpose under any federal or state law relating to public assistance benefits. Soc. Serv.Law § 97(3). The defendants' alleged failure to adhere to this second restriction is the crux of the instant suit.

Plaintiffs in this action are recipients of benefits provided under AFDC or Home Relief ("HR")[1] and otherwise qualify for HEAP benefits. Additionally, plaintiffs are entitled to receive separate "fuel for heating" benefits under New York law. Soc.Serv. Law § 131–a(2)(b). In discharging his obligation to distribute these "fuel for heating" funds, the State Director of Social Services has created a two-tiered structure. The first tier provides all "fuel for heating" fund recipients, whose heating costs are not included in their rent, with a monthly heating allowance. N.Y.Admin. Code Title 18, § 352.5 (1980). The second tier provides, *inter alia*, that an additional fuel allowance shall be distributed where a recipient's heating costs exceed the regular "fuel for heating allowance." Although there is a ceiling on the amount of funds which may be distributed under this second tier, additional funds shall be distributed in excess of the ceiling

> when made necessary by exceptionally severe weather, overly exposed location or unusually poor construction of a

---

1. *See* Soc.Serv.Law § 158.

dwelling, by reasons of poor health, or when the department deems that additional fuel allowances are necessary as a result of reduced energy supplies coupled with rising costs.

*Id.* at 352.5(b). The New York State DSS has determined on an annual basis since 1980 that due to rising fuel prices, the "additional fuel allowance" ceiling should not apply and additional funds should be distributed to all qualified applicants.

Plaintiffs bring this action pursuant to 42 U.S.C. § 1983, claiming that defendants violated their statutory and constitutional rights and seek declaratory and injunctive relief. Plaintiffs allege that since December 15, 1980, the Commissioner of the State DSS has directed local DSS agencies to deduct HEAP payments received by AFDC and HR recipients from the amount of "additional fuel allowances" these recipients should receive. Thus, defendants allegedly treated HEAP benefits as income or resources, in violation of both federal and state law.

In the instant motion, plaintiffs seek certification of both a plaintiff and defendant class pursuant to Fed.R.Civ.P. 23. Plaintiffs' proposed class would include all "New York State recipients of [AFDC] and [HR] program benefits who, since December 15, 1980, have been or may be denied, in whole or in part," the "additional fuel allowances" grant due to their receipt of HEAP benefits. *See* Plaintiffs' Motion for Class Certification, dated November 30, 1984, at ¶ 1. The proposed defendant class would include the 58 County Commissioners of Social Services Districts in New York State. The proposed representatives of the defendant class are the Commissioners of the New York City and Wyoming County Departments of Social Services.

## DISCUSSION

Fed.R.Civ.P. 23(a) provides that:

One or more members of a class may sue or be sued as representative parties on

behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition, a class action must satisfy one of the prerequisites of Rule 23(b). In this case, plaintiffs assert that plaintiffs' class satisfies both Fed.R.Civ.P. 23(b)(1) and (2), while defendants' class satisfies Rule 23(b)(2).

## I. PLAINTIFFS' CLASS

Two of the three named defendants concede that plaintiffs' class should be certified. The objecting party, Lois Bowling, Commissioner of the Wyoming County Social Services District, argues that plaintiffs have failed to satisfy the numerosity requirement of Fed.R.Civ.P. 23(a)(1).[2] Accordingly, this Court will restrict its analysis to whether the plaintiffs' proposed class satisfies the "numerosity" requirement of Rule 23(a)(1).

Bowling contends that:

Nowhere in plaintiffs' affidavit in support of [their] motion does plaintiffs' counsel state the number of AFDC and HR benefit recipients who receive a regularly monthly fuel for heating allowance ... [and] *actually receive* "additional fuel for heating allowance[s]" over and above any HEAP benefits.

Affidavit of Kevin M. Perkins, Sworn to on December 20, 1984, at ¶ 6 (emphasis in original). Additionally, defendant argues that plaintiffs' counsel has not specifically identified any person whose rights were abridged in the same manner as those of the named plaintiffs. *Id.* at ¶ 10.

In satisfying Rule 23's numerosity requirement, "no particular number is key, and plaintiff's failure 'to state the exact

---

**2.** No dispute exists regarding the remaining Rule 23 requirements, and the Court finds that

these requirements have been satisfied.

number ... of the class does not militate against the maintenance of a class action.'" *Somerville v. Major Exploration, Inc.*, 102 F.R.D. 500, 503 (S.D.N.Y.1984) (citations omitted). As stated in *Deary v. Guardian Loan Co., Inc.*, 534 F.Supp. 1178, 1190 (S.D.N.Y.1982), "plaintiffs need not demonstrate with precision the number of persons in the purported class to satisfy the requirement that joinder be impracticable where such a conclusion is clear from reasonable estimates." In *Deary*, plaintiffs moved for certification of a class consisting of "all judgment debtors in New York State who have property exempt from restraint and execution under applicable federal and New York State laws." Defendants raised numerous challenges to the proposed class including, *inter alia*, that plaintiffs failed to demonstrate that the purported class was too numerous to be joined. The Court concluded:

> Plaintiffs have presented evidence that the number of Social Security recipients alone in the State of New York is approximately 2.8 million. It can reasonably be inferred that a significant number of these persons are or may become judgment debtors and that they may currently hold or in the future open accounts with the defendant banks.

*Id.* at 1190. *See also Folsom v. Blum*, 87 F.R.D. 443, 445 (S.D.N.Y.1980) (class "undoubtedly number[ing] in the hundreds" satisfies the numerosity requirement).

■ In the instant action, plaintiffs maintain that as of September, 1983, 81,729 AFDC & HR recipient households received an automatic HEAP benefit and were eligible to receive "additional fuel allowances." From this, plaintiffs argue that there is a good faith basis upon which to state that membership of the proposed plaintiff class may exceed several thousand persons.

This Court agrees. The Commissioner of the State DSS has allegedly instructed local agencies to deduct HEAP benefits when computing the "additional fuel allowances" figure for qualified recipients. Since the pool of potential plaintiffs numbers in the thousands, plaintiffs' class satisfies the numerosity requirement.

## II. DEFENDANTS' CLASS

■ Although Rule 23 provides for defendant as well as plaintiff classes, certification of a defendant class is relatively rare. *Akerman v. Oryx Communication, Inc.*, 609 F.Supp. 363, 374 (S.D.N.Y.1984). The certification of a defendant class raises due process issues not encountered in the context of a plaintiff class. *Id.* The majority of courts addressing this issue have concluded that a defendant class generally should not be certified unless each member of the plaintiff class has a colorable claim against each member of the defendant class. *Id.* at 375. *See also Ellis v. O'Hara*, 105 F.R.D. 556 (E.D.Mo.1985) (The fact that one of many named plaintiffs had no claim against one of 29 named defendants was sufficient to deny motion to certify defendant class); *Thillens, Inc. v. Community Currency Exchange Assoc. of Illinois, Inc.*, 97 F.R.D. 668, 675 (N.D.ILL. 1983) ("There is great judicial reluctance to certify a defendant class *when the action is brought by a plaintiff class*. The primary concern with bilateral actions ... is a fear that each plaintiff member has not been injured by each defendant member.") (emphasis in original).

■ Although courts are reluctant to certify defendant classes, there are exceptions. "The requirement that each named plaintiff must have a claim against each defendant may be waived where the defendant members are related by a conspiracy or 'juridical link'." *Thillens, Inc.*, 97 F.R.D. at 675–76. A "juridical link" is some legal relationship which relates all defendants in such a way that a single resolution of the dispute is preferred to a multiplicity of similar actions. *Id.* at 676.

Such links are found "in instances where all members of the defendant class are officials of a single state and are charged with enforcing or uniformly acting in accordance with a state statute, or common rule or practice of state-wide application, which is alleged to be unconstitutional."

*Mudd v. Busse,* 68 F.R.D. 522, 527–28 (N.D.Ind.1975).

Similarly, "[c]ourts have also shown a willingness to find that named plaintiffs have standing to sue a class encompassing some defendants against whom they individually might not have a cause of action on the ground that the plaintiff class as a whole has been victim of a *unified governmental policy* carried out by the individual defendants." *Akerman v. Oryx Communication, Inc.,* 609 F.Supp. 363, 376 (S.D.N.Y.1984) (emphasis added), *citing, Marcera v. Chinlund,* 595 F.2d 1231, 1238–39 (2d Cir.), *vacated on other grounds,* 442 U.S. 915, 99 S.Ct. 2833, 61 L.Ed.2d 281 (1979). *See also Thompson v. Board of Educ. of Romeo Com. Schools,* 709 F.2d 1200, 1204 (6th Cir.1983) (Certification of a defendant class is generally restricted to situations where the individual defendants act to enforce locally administered state statutes or similar administrative policies.); *Thillens, Inc.,* 97 F.R.D. at 674 (defendant classes most commonly occur in patent infringement cases, securities litigation, and "suits against local public officials challenging the validity of state laws.").

In *Marcera, supra,* the Second Circuit authorized certification of a single, statewide class of plaintiff inmates and a single class of 42 defendant county sheriffs to litigate the constitutionality of denying prisoners contact visitation in county jails. It appeared that the inmates of one jail had no standing to sue sheriffs of other counties in which they were not incarcerated. However, the Second Circuit observed that the plaintiffs' claims differed in no material aspect from a challenge to a statewide regulation, since the 42 sheriffs involved had adopted identical policies and had previously brought a joint action to enjoin enforcement of the state-imposed rule mandating contact visitation. 595 F.2d at 1238. The *Marcera* court treated the sheriffs as a unified group acting in concert and rendered them subject to suit as a defendant class.

■ In the instant action, a unified policy links the members of the proposed de-fendant class. The individual commissioners allegedly implemented an illegal policy which was promulgated in Administrative Directives issued by the State DSS. In this situation, a defendant class is appropriate, provided that the Rule 23 requirements are satisfied.

Defendants do not challenge plaintiffs' argument that the proposed defendant class satisfies the requirements of Rule 23(b)(2). Instead, defendants maintain that there is no need to establish a defendant class and that plaintiffs have failed to satisfy several Rule 23(a) requirements. Defendants Krauskopf and Perales argue that there is no need for a defendant class since the HEAP program is administered by the State Commissioner, and the local commissioners must follow the State Commissioner's directives when administering such programs. The defendants reason that if the Court imposes a judgment against the state, it be must duly executed by the local DSS agencies.

■ This argument hardly warrants discussion. Krauskopf's main defense in this action is that his office ignored the state's instructions to deduct HEAP benefits from the "additional fuel allowances" provided by the state. *See* Affidavit of Martin Burdick, Deputy Administrator of the New York City Human Resources Administration, Sworn to on December 19, 1984, at ¶ 8 (the Human Resources Administration "has not implemented the state administrative directive requiring offset of HEAP payments in calculating additional fuel allowances. Instead, its policy has been and continues to be to make no offset for HEAP benefits"). Similarly, Perales argues that Krauskopf's refusal to follow the state directives indicates that Krauskopf is an inadequate representative. *See* Defendant Perales' Memorandum of Law in Opposition to Plaintiffs' Motion for Defendant Class Certification, at 7 ("Defendant City Commissioner alleges that he does not follow the State Commissioner's administrative letters regarding offset of HEAP benefit[s] unless he is directed to do so in a Decision After Fair Hearing ... [There-

fore,] defendant City Commissioner is not an adequate representative of the purported class"). In sum, defendants' argument that a judgment imposed upon the state will be followed by all local districts is not persuasive.

a) *Defendants' Representatives*

In the defendants' papers, it is not always apparent which Rule 23 requirement defendants rely upon in challenging plaintiffs' arguments relating to the propriety of certifying a defendant class. However, this does not hinder the Court's analysis since the commonality and typicality requirements of Rule 23(a) tend to merge. *Avagliano v. Sumitomo Shoji America, Inc.*, 103 F.R.D. 562, 580 (S.D.N.Y.1984). Additionally, as the Supreme Court observed in *General Tel. Co. v. Falcon*, 457 U.S. 147, 157 n. 13, 102 S.Ct. 2364, 2370 n. 13, 72 L.Ed.2d 740 (1982), the typicality and commonality requirements not only merge as between themselves but also merge with the adequacy-of-representation requirement.

■ Furthermore, for purposes of determining class certification issues, the allegations are taken as true and the merits of the complaint are not examined. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974). Not all factual and legal questions raised in the lawsuit need be common, provided a single issue is common to all class members. *Blackie v. Barrack*, 524 F.2d 891 (9th Cir. 1975), *cert. denied*, 429 U.S. 816, 97 S.Ct. 57, 50 L.Ed.2d 75 (1976). Finally, the "typicality" requirement does not require that all defenses be identical or perfectly coextensive; substantial similarity is sufficient. *Thillens, Inc.*, 97 F.R.D. at 678.

■ Defendant Perales argues that if the proposed class is certified, plaintiffs could improperly circumvent the Eleventh Amendment. In short, Perales argues that should the Court order the proposed defendant class to make retroactive payments, the state will be obligated to reimburse the local agencies. Perales concludes that this would violate the Eleventh

Amendment and thus, the Court should not certify the defendant class. This argument is rejected. This Court is not required, nor in fact is it allowed, to consider the merits of the case as suggested by the state in deciding whether this action should be certified as a class action. *See Oneida Indian Nation of Wis. v. State of N.Y.*, 85 F.R.D. 701, 704 n. 2 (N.D.N.Y.1980). Thus, Perales's Eleventh Amendment argument may not be considered in deciding the instant motion. However, Perales may raise it at a later stage in these proceedings.

Krauskopf and Perales also maintain that the New York City DSS did not follow the policy of deducting HEAP benefits from "additional fuel allowances" and thus failed to satisfy the commonality requirement of Fed.R.Civ.P. 23(a)(2). This argument is disputed by plaintiffs who argue that Krauskopf continues to treat HEAP benefits as "income or resources" in calculating "additional fuel allowances". Affidavit of Michele D. Marqui, Sworn to on January 5, 1985, at ¶ 22.

■ There is evidence supporting plaintiffs' contentions. The Deputy Administrator for Income Maintenance Programs of the Human Resources Administration of the City of New York ("HRA") admitted that a caseworker erroneously calculated Lorraine DeAllaume's additional fuel allowance after deducting her HEAP payments. Affidavit of Martin Burdick, sworn to on December 19, 1984, at ¶ 6. Burdick maintains that the "deduction was simply an error; it did not result from HRA policy." *Id.* Regardless of its reasons for doing so, it is evident that, in at least some instances, the New York City DSS deducted HEAP payments when calculating state benefits.

■ In any event, as noted earlier, the defenses of each representative need not be identical. *See Thillens Inc.*, 97 F.R.D. at 678. Moreover, when an administrative scheme is challenged as facially illegal, the issue posed raises a question of law common among the public officials responsible for implementing the challenged policy. *See Marcera*, 595 F.2d at 1238. According-

ly, defendants' argument that plaintiffs' claims lack commonality is rejected.

### b) *Adequacy Of The Representation*

■ Rule 23(a)(4) does not require a "willing representative, only an adequate one." *Marcera*, 595 F.2d at 1239. Thus, although a Court need not exclude parties merely on their expression of reluctance, the plaintiffs have the burden of demonstrating that reluctant defendants will be adequate representatives. *Canadian St. Regis Band of Mohawk v. State of New York*, 97 F.R.D. 453, 458 (N.D.N.Y.1983).

■ The basic guidelines for determining the adequacy of a representative are: (1) the absence of any conflict of interest between the representative and the class members; and (2) that the representative's attorney be qualified, experienced and capable. *Ross v. A.H. Robins Company, Inc.*, 100 F.R.D. 5, 7 (S.D.N.Y.1982). In the instant action, each defendant challenges the adequacy of representation. Bowling contends that she is an inadequate representative for two reasons: she has responsibility for an insignificant amount of benefits, and has no control over other commissioners' actions. Kevin Perkins, counsel for Bowling, also argues that as a new lawyer with no federal court experience, he is not competent to vigorously represent the class. Both Krauskopf and Perales maintain that Krauskopf is an inadequate representative because Krauskopf refuses to follow the State Commissioner's administrative directives.

■ While Bowling's arguments for resisting class representative status are not persuasive, this Court finds that her counsel's arguments are compelling. Bowling's counsel is not capable of representing the defendant class. Accordingly, Bowling will not be a named representative of the defendant class.

■ The Court finds that Krauskopf is an adequate representative. While he may present a unique defense, no conflicts exist between him and the class. Accordingly,

Krauskopf qualifies as a named representative of the defendant class.

## III. INTERVENTION MOTION

Maxine Averett and Willie White ("proposed intervenors") move to intervene pursuant to Fed.R.Civ.P. 24. Additionally, Averett and White seek to join Joseph D'Elia, Commissioner of the Nassau County Social Services District, as a defendant, pursuant to Fed.R.Civ.P. 20.

■ Defendant Perales consents to the proposed intervenors' motion to intervene and to join D'Elia as a defendant. The remaining defendants did not submit opposition papers. D'Elia opposes the proposed plaintiffs' motion to join him as a defendant because "[t]he proposed class action challenges a policy of the State Department of Social Services[;] Nassau County has no policy independent of the State's policy." *See* Affirmation of Lois Weinstein In Opposition to Motion for Joinder, Dated October 16, 1985, at ¶ 3.

■ This argument has already been raised by Krauskopf and Perales, and rejected in this opinion. *See* Section II of this opinion, *supra*. The proposed intervenors satisfy the requirements of Fed.R.Civ.P. 20. However, since the proposed intervenors are members of the plaintiff class, their motion to intervene is moot.

## IV. CONCLUSION

Plaintiffs have satisfied the Rule 23 requirements for establishing both a plaintiff and defendant class. The proposed classes are hereby certified. The plaintiff class shall consist of all New York state recipients of AFDC and HR program benefits who, since December 15, 1980, have been or may be denied any part of the "additional fuel allowances" grant due to their receipt of HEAP benefits. The representatives of the plaintiff class shall be the named plaintiffs, Lorraine DeAllaume and Guy Zeches. The plaintiff class will be represented by staff attorneys of the Public Utility Law Project.

The defendant class shall consist of the 58 County Commissioners of Social Services Districts in New York State. The representative for this class shall be James A. Krauskopf, the Commissioner of the New York City Social Services District. Counsel for the defendant class shall be Frederick A.O. Schwarz, Jr., Corporation Counsel of the City of New York.

The proposed intervenors' motion to join Joseph A. D'Elia, Commissioner of the Nassau County Social Services District, as a defendant, is GRANTED.

SO ORDERED.