Joel MARCUS, and David Morando, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

State of KANSAS, DEPARTMENT OF REVENUE; Stephen Richards, individually and in his capacity as Secretary of the Kansas Department of Revenue; and Sheila Walker, individually and in her capacity as Director of the Kansas Department of Motor Vehicles, Defendants.

No. 96–4140–DES.

United States District Court, D. Kansas.

May 1, 2002.

J. Davis Connor, Stephen R. Senn, Peterson & Myers, P.A., Lakeland, FL, Robert Joseph Antonello, Antonello & Fegers, P.A., Winter Haven, FL, John J. Miller, Kansas City, MO, Robert G. Fegers, Antonello, Fegers & Cea, Winter Haven, FL, for plaintiffs.

Richard L. Cram, Kansas Department of Revenue, Bureau of Legal Services, Topeka, KS, Joseph Brian Cox, Topeka, KS, Frank S. Reeb, Lawrence, KS, for defendants.

### MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on the parties' Joint Motion for Order Granting Preliminary Approval to Settlement Agreement and Scheduling Fairness Hearing (Doc. 115) and Plaintiffs' Motion for Class Certification (Doc. 15). The court has considered the filings in the record, including the arguments contained in the parties' Joint Brief on the Propriety of the Class and Notice by Publication (Doc. 114), and is now prepared to rule.

## I. BACKGROUND

The named plaintiffs, Joel Marcus and David Morando, have alleged on behalf of themselves and others similarly situated, that defendants have wrongfully collected fees for parking placards and identification cards that allow persons with disabilities and transporters of the same to use accessible motor vehicle parking spaces that are reserved for use by persons with disabilities and that said placard and card fees violate the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131, et seq. The defendants deny the plaintiffs' allegations.

On January 9, 2002, the parties entered into a mediation in attempt to settle this dispute. Those negotiations were successful. In full settlement of all claims on behalf of the class, the named plaintiffs and the defendants have agreed to the terms of the settlement agreement submitted to the court as an attachment to the joint motion currently before the court. (Doc. 115).

## II. DISCUSSION

### A. Class Certification

The parties propose that the following class be certified as a class under Rule 23 of the Federal Rules of Civil Procedure:

> All purchasers of disabled parking placards or identification cards pursuant to K.S.A. 8–1,124 *et seq.* and 8–145d since January 26, 1992, for non-temporary conditions and all such persons who will in the future be required to pay money for such parking placards or identification cards until and unless declaratory and injunctive relief protects against the requirement of payment as a condition of access to parking accommodations reserved for persons with disabilities.

The parties further clarified that the class includes all categories of purchasers whether original, additional, renewal/re-certification, replacement, or other. Defendants have stipulated to certification of the class as defined above.

### 1. Standards for Class Certification

The determination of class certification is committed to the broad discretion of the trial court. *Anderson v. City of Albuquerque,* 690 F.2d 796, 799 (10th Cir.1982). "Whether a case should be allowed to proceed as a class action involves intensely practical considerations, most of which are purely factual or fact-intensive." *Reed v. Bowen,* 849 F.2d 1307, 1309 (10th Cir.1988).

Determination of class certification requires a two-step analysis. First, the court must conduct a "rigorous analysis" of whether the proposed class satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure. *General Telephone Co. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). A class action may only be certified if the "court is satisfied ... that the prerequisites of Rule 23(a) have been satisfied." *Id.* The party seeking class certification is "under a strict burden of proof that all the requirements of [Rule 23(a)] are clearly met." *Reed,* 849 F.2d at 1309. If the requirements of Rule 23(a) are met, then the action must further qualify for one of the three categories in Rule 23(b). *Zapata v.*

*IBP, Inc.,* 167 F.R.D. 147, 155 (D.Kan.1996) (citing *Smith v. MCI Telecomm. Corp.,* 124 F.R.D. 665, 674 (D.Kan.1989)). In this case, plaintiffs seek to certify the proposed class under Rule 23(b)(2).

### 2. Rule 23(a)

For class certification, plaintiffs must demonstrate that their proposed class meets all four prerequisites of Rule 23(a). Rule 23(a) requires the following: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims and defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." These requirements are more commonly known as numerosity, commonality, typicality, and adequacy of representation.

#### a. Numerosity

The numerosity requirement of Rule 23(a)(1) requires that the class is so large that joinder of all members would be impracticable. The key factor in determining the impracticality of joinder is the size of the class. *See Lopez v. City of Santa Fe,* 206 F.R.D. 285, 289 (D.N.M.2002). In this case, the proposed class is comprised of approximately 75,000 individuals. The court finds that this large number of potential class members is sufficient to meet the numerosity requirement of Rule 23(a)(1). *See Zapata,* 167 F.R.D. at 157 (finding plaintiffs representation that the class consists of 5,000 to 7,000 individuals is sufficient to justify a finding of numerosity).

#### b. Commonality

The commonality requirement found in Rule 23(a)(2) requires that the claims of the individually named plaintiffs and the claims of the proposed class, involve common questions of law and fact. *Zapata,* 167 F.R.D. at 157. "For a common question of law to exist, the putative class must share a discrete legal question of some kind." *J.B. ex rel. Hart v. Valdez,* 186 F.3d 1280, 1289 (10th Cir.1999). Additionally, commonality

requires only a single issue common to the class. *Lopez,* 206 F.R.D. at 289.

▇ Whether the fee charged by the defendants for disabled parking placards and identification cards violates the ADA is a question of law common to both the class members and the individually named plaintiffs. Therefore, the court finds that the commonality requirement found in Rule 23(a)(2) has been met. The court further notes that commonality is usually present in cases like this one "where a question of law refers to standardized conduct by defendants towards members of the proposed class." *In re AmeriFirst Sec. Litig.,* 139 F.R.D. 423, 428 (S.D.Fla.1991).

### c. Typicality

▇ The typicality requirement found in Rule 23(a)(3) requires a showing that the claims of proposed class representatives are typical of the claims of the proposed class as a whole. *Schachner v. Blue Cross & Blue Shield,* 77 F.3d 889, 896 n. 8 (6th Cir.1996). Claims do not have to be identical to meet the typicality requirement. *Adamson v. Bowen,* 855 F.2d 668, 676 (10th Cir.1988). Instead, so long as the claims of the class representative and the class members are based on the same legal or remedial theory, the typicality requirement will be met. *Id.* Demonstrating typicality requires more than conclusory allegations that proposed class members suffered the same as the individual plaintiffs. *Zapata,* 167 F.R.D. at 160 (citing *Paxton v. Union Nat'l Bank,* 688 F.2d 552, 559 (8th Cir.1982)).

▇ The representative plaintiffs, Joel Marcus and David Morando, require access to disabled parking spaces and both have purchased parking placards permitting them to park in such spaces. Similarly, class members consist of those individuals who have purchased or will purchase parking placards and identification cards since January 26, 1992. Relief sought by both the representative plaintiffs and the class mem-

bers includes not only a declaration from the court that the fees charged by the defendants violate the ADA, but also injunctive relief preventing future collections of such fees.[1] The court finds that the claims of the representative plaintiffs are typical of those of the proposed class. Thus, the typicality prong of Rule 23(a)(3) has been satisfied.

### d. Adequacy of Representation

▇ The requirements of Rule 23(a)(4) are two fold. First, proposed class counsel must be "qualified, experienced, and generally able to conduct the proposed litigation." *Zapata,* 167 F.R.D. at 160–61 (citing *Falcon,* 457 U.S. at 157 n. 13, 102 S.Ct. 2364). Second, the individual plaintiffs' claims must be "sufficiently interrelated to and not antagonistic with the class's claims so as to ensure fair and adequate representation." *Id.* The adequacy of representation requirement is of particular importance because inadequate representation would infringe upon the due process rights of absentee class members who are bound by the final judgment of the suit. *Edgington v. R.G. Dickinson & Co.,* 139 F.R.D. 183, 190 (D.Kan.1991).

▇ In absence of evidence to the contrary, courts will presume the proposed class counsel is adequately competent to conduct the proposed litigation. *Zapata,* 167 F.R.D. at 161. In this instance, the court finds that attorneys John J. Miller, Stephen R. Senn, Robert G. Fegers, and Robert J. Antonello are adequately competent to conduct the proposed litigation and hereby appoints them as class counsel.

The court further finds from the record before it that the named representative plaintiffs will adequately represent the class in that they do not have interests antagonistic with those interests of the class and their claims are sufficiently interrelated to those of the class.

*See Thompson v. Colorado,* 278 F.3d 1020 (10th Cir.2001) (holding Title II of the ADA did not validly abrogate states' 11th Amendment immunity).

---

1. Originally, plaintiffs sought reimbursement for fees paid for parking placards and identification cards, but due to recent developments in the law, plaintiffs now seek only injunctive and declaratory relief on behalf of themselves and the class.

### 3. Rule 23(b)(2)

After finding that the requirements of Rule 23(a) have been satisfied, the court now turns to the requirement for class certification found in Rule 23(b)(2). Pursuant to Rule 23(b)(2) a class action may be maintained if:

> the prerequisites of [Rule 23](a) are satisfied, and in addition ... (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole ....

The named plaintiffs, on behalf of themselves and class members, allege that defendants have violated the law-namely the ADA-in a manner generally applicable to the class and seek injunctive and declaratory relief to remedy such violations. Given that the primary purpose of the this lawsuit was to terminate charges for parking placards and identification cards through declaratory or injunctive relief, the court finds that the present action is appropriate for class certification pursuant to Rule 23(b)(2). *See Olenhouse v. Commodity Credit Corp.*, 136 F.R.D. 672, 680 (D.Kan.1991) (holding that certification is proper under Rule 23(b)(2) when "plaintiffs allege that the Secretary has violated the law in a manner that is generally applicable to the class members, for which plaintiffs seek 'declaratory relief and an injunction directing the Secretary to follow the proper law' ") (quoting *Adamson*, 855 F.2d at 676). *See also Linquist v. Bowen*, 633 F.Supp. 846, 860 (W.D.Mo.1986) (finding that class actions challenging policies or procedure of governmental agencies typically fall under Rule 23(b)(2)).

Upon reviewing the plaintiffs' motion for class certification and the parties' joint brief on the propriety of the class the court finds that all the requirements of Rule 23(a) have been met and the class may be maintained pursuant to Rule 23(b)(2).

### B. Preliminary Approval of Settlement Agreement

The parties have agreed to a proposed settlement agreement subject to the court's approval. It appears to the court that the proposed settlement agreement is a result of extensive, arms length negotiations between the parties. The settlement agreement was reached after lengthy litigation, negotiation, and with the assistance of the court in mediation. After reviewing the terms of the settlement agreement, the contents of the record in this proceeding, and the controlling legal authority, the court finds that the proposed settlement agreement is sufficiently reasonable, adequate, fair, and consistent with the requirements of Rule 23 of the Federal Rules of Civil Procedure, to warrant notice thereof to the class members and a fairness hearing thereon. Therefore, the proposed settlement agreement is preliminarily approved. Final approval of the settlement agreement is subject to the hearing of any objections by members of the class at the fairness hearing and this court's consideration of the same.

### C. Notice Publication

The parties propose class members be notified of the class action, the pending settlement agreement, and the fairness hearing by publication of the Notice to Class ("Notice") (attached to settlement agreement as Exhibit B) in a number of newspapers throughout the state. The court first notes that class actions maintained pursuant to Rule 23(b)(2) do not require individual notice and are subject only to the notice requirements of Rule 23(d) of the Federal Rules of Civil Procedure. Pursuant to Rule 23(d), "notice may be given in such manner as the court may direct ...." *Olenhouse*, 136 F.R.D. at 681.[2]

The court finds that publication notice constitutes the most effective and practicable notice to all class members of the pendency of the class action, the proposed settlement agreement, and the fairness hearing. The court further finds that such notice constitutes sufficient notice for all other persons entitled to receive notice as required by due process and Rule 23. Pursuant to the par-

---

**2.** The court further notes that class members in class actions certified pursuant to Rule 23(b)(2) have no right to "opt-out." *See Cook v. Rockwell Intern. Corp.*, 151 F.R.D. 378, 388 (D.Colo.1993).

ties' agreement, any costs associated with this publication shall be paid by defendants.

**IT IS THEREFORE BY THIS COURT ORDERED** that:

1. Plaintiffs' motion for class certification (Doc. 15) shall be granted. The class as defined herein shall be certified as a class action pursuant to Rule 23(b)(2). Further, the court hereby designates plaintiff Joel Marcus and plaintiff David Morando as representative plaintiffs for the class. The court further designates attorneys John J. Miller, Stephen R. Senn, Robert G. Fegers, and Robert J. Antonello as class counsel.

2. The parties' Joint Motion for Order Granting Preliminary Approval to Settlement Agreement and Scheduling Fairness Hearing (Doc. 115) shall be granted. The court finds that the proposed settlement is fair, reasonable, and adequate. Final approval of the settlement agreement is subject to the hearing of any objections by members of the class at the fairness hearing and this court's consideration of the same.

3. Defendants shall cause publication of the Notice (attached to the settlement agreement as Exhibit B) in the newspapers referenced in Exhibit C of the settlement agreement, no later than **May 10, 2002.** Pursuant to the parties' agreement, any costs associated with this publication shall be paid by defendants. This manner and form of notice is hereby found, under the circumstances of this litigation, to constitute the most effective and practicable notice to all class members of the pendency of the class action, the proposed settlement agreement, and the fairness hearing. The parties are permitted to make minor substantive changes to the Notice as they agree between themselves without further order of this court.

4. The court will conduct a fairness hearing at **10:30 a.m.** on **July 3, 2002,** in courtroom 403 of the United States Courthouse, 444 S.E. Quincy Street, Topeka, Kansas. The court will consider the fairness of the settlement agreement and determine whether final approval should be granted. At the fairness hearing, the court will also consider an award of attorneys' fees, costs, and expenses and such other issues that may come

before the court at said time as may be necessary to conclude this case.

5. Class members who wish to object to the settlement agreement must file an objection, setting forth the basis of the objection, with the clerk of court by **June 12, 2002,** and appear at the fairness hearing personally or through counsel. If an attorney will be representing a class member in making such an objection, the attorney shall file an entry of appearance with the court and serve counsel by **June 12, 2002.**

6. All further litigation of this proceeding is hereby stayed pending final determination of the acceptance of the settlement agreement at the fairness hearing.