WYANDOTTE NATION, Plaintiff,

v.

CITY OF KANSAS CITY, KANSAS,
et al., Defendants.

Civ.A. No. 01–2303–CM.

United States District Court,
D. Kansas.

April 25, 2003.

David McCullough, Oklahoma City, OK, Sam L. Colville, Holman Hansen Colville & Coates, PC, Kansas City, MO, for Plaintiff.

Harold T. Walker, Henry E. Couchman, Jr., Kansas City, KS, Mark D. Hinderks, Stinson Morrison Hecker LLP, Overland Park, KS, David L. Marcus, David F. Oliver, Berkowitz Stanton Brandt Williams & Shaw, LLP, Kansas City, MO, Elliot A. Milhollin, Latham & Watkins, Washington, DC, George E. Feldmiller, Berkowitz, Feldmiller, Stanton, Brandt, Williams & Shaw, LLP, Kansas City, MO, Janice M. Schneider, Latham & Watkins, Washington, DC, Stephen M. Bledsoe, Berkowitz Stanton Brandt Williams & Shaw, LLP, Mark S. Carder, Stinson Morrison Hecker LLP, Kansas City, MO, Bradley L. Farney, Overland Park, KS, Jeffrey A. Bullins, Holbrook & Osborn, PA, Merriam, KS, Lewis A. Heaven, Jr., Lathrop & Gage L.C., Overland Park, KS, Reid F. Holbrook, Holbrook & Osborn, PA, Kansas City, KS, Douglas R. Dalgleish, Mara H. Cohara, Lathrop & Gage L.C., Todd E. Hilton, Stueve Helder Siegel LLP, Kansas City, MO, Deryl W. Wynn, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Frederick B. Farmer, Lowe, Farmer, Bacon & Roe, Olathe, KS, Helen Bagby, Charles A. Getto, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Cheryl L. Burbach, John R. Cleary, Shughart Thomson & Kilroy, PC, Kansas City, MO, Thomas E. Osborn, Thomas M. Sutherland, Holbrook & Osborn, PA, John L.

Peterson, Williamson & Cubbison, Daniel B. Denk, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Andrew T. Starr, Brian L. Smith, The Smith Law Group PC, Shawnee, KS, Charles F. Speer, Payne & Jones, Chtd., Overland Park, KS, James R. Borth, Olathe, KS, Robert B. Best, Jr., Husch & Eppenberger, Kansas City, MO, Donald J. Cooper, Topeka, KS, Edwynne V. Harrison, Kansas City, KS, Kimberly Diane McKamie, Kansas Legal Services, Inc., Topeka, KS, Carl A. Gallagher, Ryan B. Denk, McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, David R. LaMothe, Kansas City, MO, John J. Jurcyk, Jr., McAnany, Van Cleave & Phillips, P.A., Kansas City, KS, Fred Bellemere, III, Seigfreid, Bingham, Levy, Selzer & Gee, Kansas City, MO, Dorothy A. Lewis, Kansas City, KS, Merle E. Parks, Evans & Mullinix, P.A., Shawnee, KS, Jill Frost, Franke, Schultz & Mullen, PC, Wendell E. Koerner, Jr., Franke, Schultz & Mullen, PC, Jennifer L. Peters, Bryan Cave LLP, Kansas City, MO, Joan R. Ruff, Kansas City, KS, Bruce A. Ney, Melanie N. Sawyer, Topeka, KS, Chelsi K. Hayden, Ron Bodinson, Shook, Hardy & Bacon L.L.P., Overland Park, KS, Laurie Ann Novion, Donnamarie Landsberg, Shook, Hardy & Bacon L.L.P., Kansas City, MO, Galen E. Biery, ONEOK Services Company, Topeka, KS, Laurence R. Tucker, Armstrong Teasdale LLP, Loyd E. Owen, Jr., Lathrop & Gage L.C., Stanley M. Burgess, Armstrong Teasdale LLP, Kansas City, MO, Clinton E. Patty, John C. Frieden, Frieden, Haynes & Forbes, Topeka, KS, Brian R. Johnson, The Law Offices of John M. Knox, Lawrence, KS, Charley L. Laman, Topeka, KS, Reginald E. McKamie, Sr., Law Office of Reginald E. McKamie Sr., PC, Houston, TX, for Defendants.

**MEMORANDUM AND ORDER**

MURGUIA, District Judge.

Pending before the court is defendant Unified Government of Wyandotte County/Kansas City, Kansas (hereinafter "Unified Government")'s Joint Motion to Permit Filing of Second Amended Complaint, for Certification

of a Defendants' Class and for Entry of Certain Case Management Orders (Doc. 108). Also pending are several motions for review of Magistrate Judge David J. Waxse's Report and Recommendation (Doc. 151) regarding the Joint Motion,[1] filed by defendants Fagan Co. (Doc. 154), Edwynne Harrison (Doc. 168), Sunshine Building, et al., (Doc. 169), Robert and Emily Modeer, et al., (Doc. 178), Brotherhood Bank, et al., (Doc. 179), Union Pacific Railroad Company (Doc. 180), Phillips Petroleum (Doc. 181), Unified Government (Doc. 183), Northeast Coalition (Doc. 184), Unified School District No. 500 et al., (Doc. 185), Williams Bros. Pipeline Co. (Doc. 191), BFS (Doc. 195), Willamette Industries, Inc. (Doc. 207), Drexel Supply Co. (Doc. 217), Southwestern Bell (Doc. 199), and by movants the State of Kansas (Doc. 186) and Kickapoo Housing Authority (Doc. 190).

As set forth below, the court grants the Joint Motion in part, and denies the Joint Motion only to the extent it seeks a hearing.

● **Facts**

Plaintiff Wyandotte Nation, a federally recognized Indian tribe, seeks a declaratory judgment, recovery of possession of real property, and monetary damages arising out of defendants' alleged taking of, and trespass upon, lands to which plaintiff claims to have held continuous title since the signing of a treaty in 1848. Defendants in this action consist of over 1,362 individuals and entities identified by plaintiff as current record owners of the lands allegedly belonging to plaintiff.

In the joint motion, plaintiff and defendant Unified Government request the court to certify a defendants' class as to liability issues, with defendant Unified Government as class representative.[2] In addition, the movants request the court to grant plaintiff leave to amend its complaint in order to transform its individual declaratory and equitable claims against the additional parties already named and to reassert those claims as class action claims against a defendants' class.

The movants also request the court to issue certain case management orders staying the following: (a) the resolution of the issue of certification of a defendants' class on damages issues, and the date for any defendant to answer or otherwise respond to any claim for money damages; (b) resolution of any issue concerning the propriety of plaintiff's reassertion in the future of individual claims against defendants for money damages as had been alleged in the First Amended Complaint in the event that class certification as to damages is ultimately denied; and (c) the time for assertion by individual defendants of counterclaims for monetary damages against plaintiff (and for plaintiff's corresponding assertion of sovereignty and other defenses) and for cross-claims and third-party claims for damages; and (d) staying action on any such claims, counterclaims, cross-claims, or third-party claims for damages that have been filed. The proposed stay would remain in effect pending determination of the class issues concerning declaratory relief (and defendants' counterclaims for injunctive and/or declaratory relief, including on behalf of the class) which would be dispositive of plaintiff's damage claims.

Finally, the movants request the court to enter an order (1) setting a hearing upon the matters described above, (2) staying all other matters in the case, and (3) providing for the immediate notice to all parties and defendants of the entry of such order. On August 29, 2002, Judge Waxse granted the joint motion to the extent that a stay was entered regarding all matters in the case.

● **Joint Motion**

At the outset, the court addresses the movants' request for a hearing in the above

---

1. In the Report and Recommendation, Judge Waxse recommended the court grant the Joint Motion and certify a defendants' class pursuant to Federal Rules of Civil Procedure 23(b)(1)(B). Further, the proposed order was silent regarding its effect on counterclaims, cross-claims, and third-party claims.

2. None of the parties have filed a response to the Joint Motion. In its determination of the above motion, the court takes into consideration the objections filed by several defendants to the Report and Recommendation.

matter. The court finds that a hearing on the motion for class certification and related issues is not required by the Federal Rules of Civil Procedure nor by the local rules of this court. Further, the court does not believe that a hearing would materially assist the court in its disposition of the issues before it. To the extent the movants request a hearing, the motion is denied.

● **Class Certification**

The movants request the court to certify a defendants' class pursuant to Federal Rules of Civil Procedure 23(b)(1) and/or 23(b)(2). The proposed class would consist of all persons and entities other than plaintiff who purport to be owners of the Claimed Lands [3]

to defend against plaintiff's claim for declaratory relief and to assert counterclaims for declaratory relief on behalf of such a class against plaintiff, establishing defendant Unified Government as class representative, providing for class counsel at no expense to class members other than the representative party; and entering such other related orders as are necessary to give effect to such certification in an appropriate matter. As proposed, the definition of the class would allow certain defendants who have appeared in the case to represent themselves.

Federal Rule of Civil Procedure 23 governs the certification of class actions. The decision whether to certify an action as a class action is committed to the discretion of the trial court. *Reed v. Bowen,* 849 F.2d 1307, 1309 (10th Cir.1988). In exercising its discretion, the court must perform a "rigorous analysis" of whether the class satisfies the requirements of Rule 23. *Gen. Tel. Co. of S.W. v. Falcon,* 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). The court recognizes its heightened responsibility to ensure due process for individuals absent from the putative defendants' class. "[A] defendant class requires closer scrutiny of Rule 23 tests to assure fairness to absent members

based on long-standing due process protections for defendants in the absence of a defendant class" 2 Alba Conte & Herbert Newberg, Newberg on Class Actions § 4:48 (4th ed.2002) (also noting that, in contrast to a judgment against a plaintiffs' class, "an unfavorable judgment creates a potential to equitable and monetary liability for absent defendant class members").

**1. Rule 23(a)**

First, the court examines whether the requirements of Rule 23(a) are satisfied. Under that rule,

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a).

**a. Numerosity**

 Not unexpectedly, no party objecting to the Report and Recommendation has asserted that Rule 23(a)(1) is not satisfied in this case. Plaintiff has named over 1,362 individuals as defendants, alleging that each defendant asserts a claim to the disputed lands. Given the large number of defendants in this case, the court is convinced that joinder of all named defendants would be impractical, and finds that Rule 23(a)'s requirement of numerosity is satisfied.

**b. Commonality**

 A finding of commonality "requires only a single issue common to the class." *J.B. ex rel. Hart v. Valdez,* 186 F.3d 1280, 1288 (10th Cir.1999) (citing *K.L. v. Valdez,*

---

**3.** The "Claimed Lands" are those sections of land at issue in this matter identified in paragraphs 27 and 30 of the proposed Second Amended Complaint (Sections 27–10–25, 34–10–25, 3–11–25, 26–10–25, and 2–11–25 on the official tax maps of Wyandotte County, Kansas).

167 F.R.D. 688, 690 (D.N.M.1996)). Further, "[t]hat the claims of individual class members may differ factually should not preclude certification under Rule 23(b)(2)." *Id.* (citing *Adamson v. Bowen,* 855 F.2d 668, 676 (10th Cir.1988)).

Movants have identified factual and legal issues likely to arise in this suit which movants claim are common to all defendants in the proposed class.[4] Factual issues which may be raised in this case include plaintiff's identity with or relationship to the Tribe described in the treaties and conveyances, the accuracy of plaintiff's factual allegations, the identity and location of land referenced in the conveyances and treaties alleged by plaintiff, plaintiff's actions or inactions concerning the land or its land claim, and facts concerning conveyances of the land. Anticipated common legal issues include plaintiff's standing and legal status, the status of the lands described in plaintiff's complaint and their inclusion (or noninclusion) in the treaties and conveyances, the priority of plaintiff's claim to land, the application of laches and/or statutes of limitation or any other law that may bar plaintiff's claims, and the effect on plaintiff's claims as a result of the acquisition by defendants.

The court finds that movants have made a sufficient showing that there are common issues of law and fact common to the putative class. Although disparate issues of fact and law applicable to various defendants may arise during the course of discovery, the court is convinced that the central issues in the case are common to the Unified Government as the proposed class representative and the class as a whole. The court agrees with the movants' proposition that plaintiff's claims against defendant Unified Government stem from the same central factual issues and involve the same fundamental legal determinations as those relating to the class. Accordingly, the court finds Rule 23(a)(2)'s requirement is satisfied here.

4. In their objections to the Report and Recommendation, several defendants assert that class certification is premature because discovery has not begun. The court rejects this argument, and finds that plaintiff's First Amended Complaint has raised issues likely to arise in the lawsuit that

### c. Typicality

■ A finding of typicality under Rule 23(a)(3) "does not require that the claims of class members be identical to the claims of the class plaintiffs." *Id.* Importantly, "differing fact situations of class members do not defeat typicality ... so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson,* 855 F.2d at 675. Further, the proposed representative must not have interests significantly antagonistic to those of the class members. *Olenhouse v. Cmty. Credit Corp.,* 136 F.R.D. 672, 680 (D.Kan.1991). Here, plaintiff's claims against the Unified Government arise from the same underlying alleged factual developments and are subject to the same defenses likely to be raised on behalf of the class. Some objectors to the Report and Recommendation have alleged that the Unified Government's defenses are not typical of those of the class due to its status as a governmental entity. However, the court finds that this argument is not persuasive. The court in *Canadian St. Regis Band of Mohawk Indians v. New York* rejected similar arguments against the propriety of the state to serve as class representative, finding that, because Rule 23 does not require that all defenses must be coextensive between the representative and the class, "[t]he ability of the State to identify one non-typical defense it may have, or the non-State defendants may have, does not undermine their suitability as class representatives." 97 F.R.D. 453, 457 (N.D.N.Y.1983). The court agrees with this analysis, and finds that Unified Government's claims are typical of the other defendants due to its status as a holder of disputed lands. Moreover, if the Unified Government later presents defenses which would not be available to nongovernmental defendants, the court may, at that time, modify the order of class certification pursuant to Federal Rule

are common to all members of the proposed class. Should additional issues surface through the course of discovery, the court may modify the order of class certification pursuant to Federal Rule of Civil Procedure 23(c)(1).

of Civil Procedure 23(c) if necessary. Regarding the issue whether the Unified Government's defenses are antagonistic to those of the putative class, the court considers below the argument of several objectors to the Report and Recommendation that the Unified Government's interests are not aligned with the other defendants due to its previous efforts to settle this lawsuit, the court therefore reserves a finding as to Rule 23(a)(3) at this point.[5]

### d. Adequacy of Representation

■ "The adequacy of representation requirement is of particular importance because inadequate representation would infringe upon the due process rights of absentee class members who are bound by the final judgment of the suit." *Marcus v. Kan. Dep't of Revenue*, 206 F.R.D. 509, 512 (D.Kan.2002) (citing *Edgington v. R.G. Dickinson & Co.*, 139 F.R.D. 183, 190 (D.Kan.1991)). Under Rule 23(a)(4), the proposed class representative must assure the court "that the proposed representatives' interests are sufficient to induce vigorous advocacy on their part; that their interests are not antagonistic to those of class members; and that they have the means, including competent counsel, to pursue their case." *Id.* "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1187–88 (10th Cir.2002)

(quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir.1998)); *see also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 626 n. 20, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) ("The adequacy heading also factors in competency and conflicts of class counsel."). The court must determine whether the proposed class counsel is "qualified, experienced, and generally able to conduct the proposed litigation." *Marcus*, 206 F.R.D. at 512.

### • Previous Settlement Efforts

Numerous defendants objected to the Report and Recommendation on the grounds that defendant Unified Government cannot fairly represent the class due to its previous effort to settle this case and due to its alleged interest in compromising with plaintiff to facilitate the building of a casino. Earlier in this litigation, plaintiff filed a Stipulation for Order of Dismissal (Doc. 39) pursuant to Federal Rule of Civil Procedure 41(a)(2), in which plaintiff indicated it had reached a settlement agreement with the Unified Government. Plaintiff stated that it had agreed to stipulate that the action be dismissed without prejudice as part of the settlement agreement. In a Memorandum and Order, the court found Rule 41(a)(2) prohibited dismissal of the case over the outstanding objection of defendants-counterclaimants Robert and Emily Modeer, and refused to dismiss the case (Doc. 50). Further, several objecting defendants pointed out that this lawsuit has been characterized in the local press as part of an effort by plaintiff to secure the Unified Government's support for a casino in Wyandotte County.[6] Such defendants have ex-

---

5. The court considers the effect of this argument on adequacy of representation below.

6. None of the parties has placed before the court any affidavit regarding the content of any settlement discussions. Moreover, the parties' Stipulation for Order of Dismissal did not inform the court of any facts regarding the settlement reached by the parties. As reported in the *Kansas City Star* in an article attached as an exhibit to defendant Union Pacific Railroad Company's objection to the Report and Recommendation, "the tribe agreed to set aside its land claim in

exchange for the defendant's political support for a casino." Rick Alm & Mark Wiebe, *Tribal Lawsuit Served in KCK; 1,300 Landowners Notified as Case Heads Toward Trial*, Kan. City Star, July 19, 2002, at C1. Another article presented as an exhibit to that objection reported that, "the city years ago signed a deal with the tribe for what amounts to a 5.9 percent tax on future casino revenues." Rick Alm, *Gambling & Tourism*, Kan. City Star, Aug. 13, 2002, at D18. The court accepts these statements as true only for the purpose of determining whether defendant Uni-

pressed concern that, as the class representative, defendant Unified Government may attempt to settle the case in order to facilitate the building of a casino. These defendants state that they do not share a similar interest in a casino, and object to the Unified Government as atypical of the class and as an inadequate representative.

The court has given particularly close scrutiny to these concerns. After a searching review of case law and considerable time and attention, the court finds that the previous Stipulation of Dismissal filed by the Unified Government and the reported statements regarding the Unified Government's motivation do not warrant a finding that the Unified Government is not typical of the class or that it would be an inadequate class representative. The court's reasons for this finding are threefold.

First, as discussed above regarding Rules 23(a)(2) and (3), the court finds that the Unified Government's interests are aligned with those of the other class members regarding the factual and legal issues likely to predominate in this case. Specifically, the Unified Government shares the same interest with all other named defendants in opposing plaintiff's claims in order to remove clouds on the title of the disputed lands.

Second, the court notes that Federal Rule of Civil Procedure 23(e) requires that class members must receive notice of any proposed settlement and/or dismissal, and further requires court approval of any settlement or dismissal.[7] Any settlement notice under Rule 23(e) "must fairly apprise the class members of the terms of the proposed settlement and of their options." *In re In-*

*tegra Realty Res., Inc.,* 262 F.3d 1089, 1111 (10th Cir.2001) (citation omitted). Further, under Rule 23(e), "[c]lass members must be given an opportunity to convince the court that the settlement proposed would not be fair, adequate, or reasonable." *Mayfield v. Barr,* 985 F.2d 1090, 1092 (D.C.Cir.1993) (quoted in *Integra,* 262 F.3d at 1111).

Rule 23(e) thus "provides a check against settlement dynamics that may 'lead the negotiating parties-even those with the best intentions-to give insufficient weight to the interests of at least some class members.'" *Integra,* 262 F.3d at 1111 (citing *In re Vitamins Antitrust Class Actions,* 215 F.3d 26, 30 (D.C.Cir.2000)) (quoting Federal Judicial Center, Manual for Complex Litigation § 30.42, at 238–40 (3d ed.1995)); *see also Gottlieb v. Wiles,* 11 F.3d 1004, 1008 n. 4 (10th Cir.1993), *overruled in part on other grounds, Devlin v. Scardelletti,* 536 U.S. 1, 122 S.Ct. 2005, 153 L.Ed.2d 27 (2002), *and cited in Rutter,* 314 F.3d at 1188 (noting that any claim of inadequacy of representation "was cured by the [objectors'] active participation in the Rule 23(e) settlement approval hearing and by the district court's explicit addressing of the [objectors'] objections in its order approving settlement.").

Rule 23(e)'s protections would ensure that class members receive notice and an opportunity to be heard regarding any proposed dismissal or settlement of the lawsuit. These procedural protections provide a mechanism for the court to consider any class members' concerns that the Unified Government has attempted to settle the case when doing so is not in the interests of the class.[8]

Third, any alleged interest of the Unified Government in obtaining a casino does not

---

fied Government has met its burden to prove it is an appropriate class representative.

7. Rule 23(e) states that "[a] class action shall not *be dismissed or compromised without the approval of the court,* and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." Fed.R.Civ.P. 23(e).

8. In addition, the court finds that the Unified Government's attempt to settle this case should

be viewed in a similar light as an attempt by a plaintiff to bring about a prelitigation settlement. Courts have recognized that prohibiting a plaintiff from becoming a class representative because it had attempted to settle would undermine the principle that courts should encourage settlement. *See* 1 *Conte & Newberg* § 3:38 at 515–16. Unlike a plaintiff, defendant Unified Government likely could not have anticipated the filing of this lawsuit, and had no alternative but to attempt to settle after the action had commenced.

create a material conflict pertaining to the issues common to the class. As the court noted in *Oneida Indian Nation of Wisconsin v. New York*, "[t]he possibility of antagonistic interests prevents certification of a class only if the antagonism goes to the subject matter of the litigation." 85 F.R.D. 701, 706 (N.D.N.Y.1980); *see also* 1 Newberg & Conte § 3.23 ("Only those material conflicts pertaining to the issues common to the class will bar a class action; other conflicts, not relating to the common class issues, will normally not bar the plaintiff from serving as an adequate representative of the class."). In *Oneida*, another action in which a tribe asserted its interest in land allegedly held by the defendants, the court determined that certification of a defendants' class was appropriate. 85 F.R.D. at 708–10. In its analysis, the court found that any alleged antagonism arising from the desire of certain defendants to cross-claim against the defendant State of New York did not preclude a finding of adequacy under Rule 23(a)(4), stating that "private landowners and the state alike have an interest in presenting strong opposition on the liability issues."

The court believes a similar conclusion is warranted in this case. Any interest the Unified Government may have in developing a casino is unrelated to the subject matter of this litigation, and would only present a true conflict in the event that the Unified Government subverted its interest in holding clear title to its alleged interest in allowing the building of a casino. There is no indication that the Unified Government intends to do anything but vigorously defend its interests in obtaining clear title.

For the reasons set forth above, the court finds that defendant Unified Government's previous effort to settle the case and alleged interest in obtaining a casino do not require a finding that it would not fairly and adequately represent the class.

● **Cross–Claims**

Some defendants have also objected to the Unified Government as class representative on the grounds that its interests are antagonistic to those of class members who wish to assert cross-claims.[9] The court in *Oneida*, as discussed above, rejected this precise argument, finding that the possibility of cross-claims did not create an antagonistic interest unless the antagonism involved the subject matter of the suit. *Id.* at 706. Furthermore, the court noted that cross-claims against the state were speculative, and would occur only at a later point in the litigation, and even then, only if the plaintiffs prevailed on the liability issues. *Id.*

Likewise, this court does not believe that the possibility of future cross-claims against defendant Unified Government by other defendants undermines a finding that defendant Unified Government could fairly and adequately represent the class.

● **Ability of Class Representative and Counsel**

As noted above, the court must ensure that the proposed representative has the means to conduct the litigation and that its counsel is competent to handle the case. Although some objecting defendants state that the Unified Government lacks funds needed to conduct the litigation, the court believes this statement is speculative. None of the parties has presented the court with evidence that the Unified Government lacks the resources needed to defend this suit on behalf of the class. Further, the court has reviewed the resume submitted by the Unified Government's counsel, Mark Hinderks of Stinson, Morrison, Hecker, LLP, finds he is abundantly qualified to conduct this litigation.

Accordingly, the court finds that the Unified Government would fairly and adequately represent the class. Further, as set forth above, the court believes the Unified Government's interests are not antagonistic with those of the class. The court finds that the requirements of Rule 23(a)(3) and (4) are satisfied.

● **Rule 23(b)**

■ To determine whether class certification is appropriate, the court must find that

---

9. As set forth later in the opinion, the court's order maintains the right of any party to raise counterclaims, cross-claims, and third-party claims.

one of the subsections of Rule 23(b) is satisfied, in addition to Rule 23(a)'s prerequisites. Movants seek certification under Rule 23(b)(1)(B) and/or (2). Under Rule 23(b)(1)(B), a court must determine that "the prosecution of separate actions by or against individual members of the class would create a risk of ... (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests." Fed.R.Civ.P. 23(b)(1)(B).

The court has examined three cases certifying defendants' class actions under Rule 23(b)(1)(B) when an Indian tribe sought to recover land, and finds them persuasive. *See Canadian St. Regis Band,* 97 F.R.D. at 458–59; *Cayuga Indian Nation v. Carey,* 89 F.R.D. 627, 632 (N.D.N.Y.1981), and *Oneida,* 85 F.R.D. at 706. As in those cases, in the case at bar, the disposition of a claim against an individual defendant could significantly impair or impede the ability of nonparties to protect their interests. Any determination regarding an individual defendant's entitlement to the land would likely entail the determination of issues that could be used offensively to collaterally estop the defenses of other defendants. *Accord Oneida,* 85 F.R.D. at 701 (noting that a determination on liability in plaintiffs' favor against an individual defendant could potentially cloud the title of other property in the affected area).

Further, the court believes that proceeding under Rule 23(b)(1) would facilitate the court's management of this case. Although Rules 23(b)(1) and (2) do not afford absent class members the opportunity to opt out of the class, they may, as set forth below, directly enter their appearance to advance their own arguments if they desire to do so. The court believes that preserving the right of class members to opt out at any time, as allowed by Rule 23(b)(3), would inhibit efforts to achieve a resolution of the liability issues. The court reserves its ruling on the issue whether certification is appropriate under Rule 23(b)(3) on damages issues.

The court finds, as set out above, that the requirements of Rule 23(b)(1)(B) are satisfied. Having reached this conclusion, the court need not examine whether Rule 23(b)(2) presents an additional ground for class certification.

● **Amend Complaint**

To bring the class certification into effect, movants request the court to grant leave to amend the complaint. Because leave to amend should be freely granted, Fed. R.Civ.P. 15, the court grants this request.

● **Case Management Orders**

● **Notice**

"To comport with due process, notice must be fashioned which is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Canadian St. Regis,* 97 F.R.D. at 461 (quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Although a Rule 23(b)(3) class action is subject to the more demanding notice requirements of Rule 23(c)(2), which often require individual notice to all class members who can be identified. In a Rule 23(b)(1)(B) class action such as this one, however, the more flexible notice provisions of Rule 23(d)(2) apply. *Id.*

Rule 23(d)(2) empowers the court, in its discretion, to construct notice procedures for some or all class members of any step in the action "for the protection of members of the class or ... for the fair conduct of the action." Fed.R.Civ.P. 23(d)(2). "Such notice, however, must still satisfy the *Mullane* standard." *Id.* (citing *Mullane,* 339 U.S. at 313–314, 70 S.Ct. 652).

In this case, the court believes that individual notice to the owners of the subject lands sent by first class mail, coupled with publication notice, will satisfy the due process right to notice of all those with an interest in the subject lands, including those with derivative interests. "A combination of factors makes such notice 'reasonably calculated ... to ap-

prise interested parties of the pendency of the action.'" *Id.* (quoting *Mullane,* 339 U.S. at 314, 70 S.Ct. 652). The reasons this court believes the referenced combination of factors satisfies the *Mullane* standard are the same as those set forth by the *Canadian St. Regis* court:

> First, individualized notice to landowners will be apt to reach many of the individuals or institutions with derivative interests as well as title ownership. Second, individually notified landowners may be expected in many cases to convey their notice to those with derivative interests in their property, either formally-by virtue of their security agreements-or informally. Third, because of the relatively small size of the claim area and the large amount of publicity surrounding this lawsuit, at least some of those with derivative interests may be expected to inquire of the title holder about the status of their interest in view of the suit. Fourth, there is publication notice which, though not particularly effective in the ordinary case, should in this case generate enough interest and attention to be exceptionally effective in reaching interested persons not otherwise notified.

*Id.* at 461–62.

Accordingly, the court will order individual notice to the owners of the subject lands sent by first class mail, as well as notice by publication.

## 2. Stay

The court grants movants' request to stay action in this case pertaining to certain issues, as set forth in section III(D) of this order, pending determination of the class issues concerning declaratory relief a later ruling on whether a class should be certified as to damages issues. The court lifts the stay currently in place as to all other issues.

## • Order

IT IS THEREFORE ORDERED THAT movants' Joint Motion (Doc. 108) is granted to the extent that:

- Plaintiff is granted leave to file the Second Amended Complaint in the form proposed by the Joint Motion. The signed copy provided with the Joint Motion shall be filed by the Clerk forthwith upon the filing of this Order.

- The claims of plaintiff in this action for declaratory relief, and any declaratory or equitable counterclaims asserted or to be asserted by or on behalf of the defendant class described herein, are hereby certified as a class action pursuant to Fed.R.Civ.P. 23(b)(1)(B) and 23(c)(4)(A), against all similarly situated persons and entities, other than plaintiff, who purport to be owners of the Claimed Lands, excluding the United States, the State of Kansas, and the following defendants who have appeared in the case and have expressed a desire to represent their own interests: Robert M. and Emily W. Modeer, Cordell, Jr. and Mary Meeks, Brotherhood Bank Controller, Cellastine Meeks, Marcena and Luther Chandler, Marlene Shelby, Sunshine Building Co., Leonard J. Pavlicek, Panel Systems Plus, Inc., Paul E. Flower Trust, International Paper Company, General Motors Corporation, Certainteed Corp., Sylvester Carter, LaRita J. Franklin, Groendyke Transport, Inc., Evelyn Hudson, Rosecliff Realty Funding, Inc., n/k/a/ Hub Realty Funding, Inc., Turtle Hill Community Association, Inc., Turtle Hill Townhomes, L.P., Turtle Hill Townhouses and Thomas E. Watson-El, Quindaro Properties, LLC and Union Pacific Railroad Company, for itself and as successor-in-interest to Missouri Pacific Railroad Company; and excluding original defendant(s) Owens Corning entities, as to which there is a stay in bankruptcy.

- The Class shall be represented by the Unified Government and its counsel of record for the purposes and claims set forth above, at no cost or expense to individual class members.

- The following matters are stayed pending determination of the class issues concerning declaratory relief (and defendants' counterclaims for equitable or declaratory relief):

- the issue of certification of a defendants' class under Fed.R.Civ.P. 23(b)(3) against whom plaintiff's claims for money damages could or may be asserted as alleged in the Second Amended Complaint, or on behalf of whom counterclaims for money damages against plaintiff could or may be asserted, and the date for any defendant to answer or otherwise respond to any claim for money damages,

- resolution of any issue concerning the propriety of plaintiff's reassertion in the future of individual claims against class members for money damages as had been alleged in the First and Second Amended Complaints, in the event Fed.R.Civ.P. 23(b)(3) certification as to such claims is ultimately denied, and

- the date or time for assertion by defendants (including class members) of counterclaims for monetary damages against plaintiff (and plaintiff's assertion of sovereignty or other defenses to such counterclaims) and for cross-claims and third-party claims for money damages, and further action on any such claims that have been advanced to date.

- The stay entered by the court on August 29, 2002 is hereby lifted as to all other deadlines.

- Pursuant to Fed.R.Civ.P. 23(d), notwithstanding class certification, any class member who wishes to appear in this action on its own behalf (in person or through counsel) may enter an appearance by written Entry of Appearance and participate directly as a party defendant (in that instance, the class representative and class counsel shall have no further duties to such party to act on their behalf);

- Nothing in this Order shall prejudice the right of any party to file any counterclaim, cross claim, motion to join additional parties, or third-party complaint against any other person or party pursuant to the Federal Rules of Civil Procedure.

- Commencing within ten (10) days of the entry of this order, movants shall cause summary notice of this Order, in the form attached hereto as Appendix A, to be published in the *Wyandotte County Echo,* the *Kansas City Kansan,* and the Wyandotte County edition of the *Kansas City Star,* three times prior to May 31, 2003, once each in three consecutive weeks. Movants shall certify to the court the name of the newspapers in which such notice has been posted and the dates of posting.

- Cause to be mailed by first class regular mail, to members of the defendant class listed upon the most current published rolls of persons assessed as owners of the real estate at issue in this case, summary notice of this Order, in the form attached hereto as Appendix A. Movants shall certify to the court the names and addresses of the persons to whom such notice is mailed and the date of such notice. The envelopes forwarding the above notice by mailing should have the following recital affixed in large capital letters:

**ATTENTION: THE ENCLOSED NOTIFICATION CONCERNS YOUR LEGAL RIGHT TO YOUR PROPERTY. IT SHOULD BE READ CAREFULLY.**

- Cause summary notice of this Order, in the form attached hereto as Appendix A, to be posted in a conspicuous place in the offices where Wyandotte County deeds are recorded in Wyandotte County. Movants shall certify to the court the date of posting.

### APPENDIX A

**This notice may affect your rights.**
**Please read carefully.**

**NOTICE OF: CERTIFICATION OF A DEFENDANTS' CLASS AND REPRESENTATION OF CLASS AT NO COST BY THE UNIFIED GOVERNMENT AS CLASS REPRESENTATIVE**

This lawsuit involves claims for land located in Wyandotte County, Kansas. The court

has decided that parts of this lawsuit will be certified as a defendant class action. This means that all individuals and entities—with the exception of the United States, the State of Kansas, and certain defendants who have entered an appearance and requested not to be included—who claim an interest in any portion of those sections of land at issue (the "Claimed Lands") will be part of the class.

The Claimed Lands are those sections of land identified in paragraphs 27 and 30 of the Second Amended Complaint (Sections 27–10–25, 34–10–25, 3–11–25, 26–10–25, 35–10–25, and 2–11–25 on the official tax maps of Wyandotte County, Kansas).

The class will be represented by Unified Government of Wyandotte County/Kansas City, Kansas (hereinafter "Unified Government") and its attorney, Mark Hinderks of the law firm Stinson, Morrison, Hecker, LLP, as counsel for the class, at no cost to members of the class.

The class is certified only for the purpose of determining who has the right to own and/or possess the land (the "injunctive and declaratory portions of the lawsuit"), as well as potential procedural and substantive issues relating to the claims that may be raised. The court will, at a later time if needed, determine whether a class should be certified regarding damages.

This ruling by the court of a class action does not mean that any ownership issues have been determined, or that any monetary relief has been awarded, because those are contested issues that have not been decided. Rather, this ruling means that the final outcome of this lawsuit—whether favorable to plaintiffs or defendants—will apply in a like manner to every class member; that is, to all individuals and entities described above who do not timely elect to be excluded from the class (see below). Further, the ruling preserves the right of any class member to bring any counterclaims against plaintiff or cross-claims against other defendants, and to be represented in addition by his or her own attorney while remaining a member of the class.

**Election by Prospective Class Members**

If you fit the above description of a class member, you have a choice whether to request to be excluded from the class. Regardless of your decision, your choice will have consequences which you should understand before making your decision.

(1) IF YOU ARE A MEMBER OF THE DEFENDANT CLASS AS DESCRIBED ABOVE AND YOU WANT TO OBJECT TO THIS CASE BEING A CLASS ACTION, OR YOU WANT TO OBJECT TO THE UNIFIED GOVERNMENT AND ITS ATTORNEYS BEING YOUR REPRESENTATIVE, OR YOU WANT TO BE EXCLUDED FROM THE CLASS AND/OR APPEAR INDIVIDUALLY ON THE QUESTION OF WHO OWNS THE CLAIMED LAND, YOU MUST, ON OR BEFORE JUNE 30, 2003, FILE WITH THE COURT THOSE OBJECTIONS OR REQUESTS TO APPEAR, AND YOUR REASONS, OR THOSE OBJECTIONS OR REQUESTS SHALL BE DEEMED WAIVED. YOU MUST ALSO SERVE COPIES OF ANY OBJECTIONS ON COUNSEL FOR PLAINTIFF AND COUNSEL FOR DEFENDANT UNIFIED GOVERNMENT. Plaintiff is represented by Sam Colville of the law firm Holman Hansen Colville & Coates, P.C., 9200 Ward Parkway, Suite 510, Kansas City, MO 64114. The defendant class is represented by Mark Hinderks of the law firm Stinson, Morrison, Hecker LLP, 9 Corporate Woods, Suite 450, 9200 Indian Creek Parkway, Overland Park, KS 66210–2008. By making this election to be excluded, you may appear directly in the case to represent your own interests (in person or through counsel) by filing a written entry of appearance, and proceeding at your own expense. In that event, the Unified Government as class representative and its counsel will have no further duty to you.

(2) IF YOU WANT TO REMAIN A MEMBER OF THE CLASS, YOU ARE NOT REQUIRED TO DO ANYTHING AT THIS TIME. By remaining a class member, any claims brought by plaintiff against you

will be determined in this case, and cannot be presented in any other lawsuit. If the class is found liable to plaintiff, or not liable to plaintiff, you will be bound by either result. You will be entitled to notice of any ruling reducing the size of the class and also to notice of, and an opportunity to be heard respecting, any proposed settlement or dismissal of the class claims. You may also seek to intervene individually and may advise the court if at any time you consider that you are not being fairly and adequately represented by the Unified Government and its attorney.

### Further Proceedings

Because of the substantial discovery and other pretrial proceedings that remain to be completed, any trial of this case is not likely to occur before November 2003. You may communicate with Class Counsel if you have evidence you believe would be helpful to defending the class claims, and you may be asked by the parties to provide information relevant to the case.

### Additional Information

Further information about this matter, and a full copy of the Order concerning which this notice is given, may be obtained by contacting the Unified Government, Legal Department, 701 N. 7th St., Kansas City, Kansas 66101. If you decide to remain a member of the class and wish to communicate with the counsel to Unified Government, you may do so by writing to the above address.

You may, of course, seek the advice and guidance of your own attorney if you desire. The pleadings and other records in this litigation may be examined and copied at any time during regular office hours at the office of the Clerk of Court of the U.S. District Court for the District of Kansas, 500 State Avenue, Kansas City, Kansas, 66101.